Henry J. Fillingin, plaintiff in error, vs. R. T. Thornton, defendant in error.

A State Court will not grant an injunction restraining a party from applying for the benefit of the Bankrupt Act under the bankrupt law of the United States.

Injunction. Bankrupt. Before Judge Strozier. Randolph county. At Chambers. September 15th, 1873.

Thornton filed his bill against Fillingin, and others, who have no part in the issue here involved, making substantially this case:

Fillingin had a homestead in real and personal property set apart to him under the Act of 1868. On February 2d, 1871, complainant, under the provisions of said Act for the sale of homesteads, purchased the land so set apart at and for the sum of $2,000 00, of which purchase money he has paid all but $389 00. He took a deed to said property from the defend-

Fillingin *vs.* Thornton.

ant and his wife, under the approval of the Ordinary. The defendant has invested the moneys realized as aforesaid from the sale of said homestead, in land and personalty, now in his possession. The Homestead Act of 1868 has been declared unconstitutional by the Supreme Court of the United States, so far as judgments were concerned, obtained prior to the adoption of the Constitution of 1868, and several of such judgments against the defendant have, in consequence of said decision, been levied upon the homestead purchased as aforesaid by complainant. In equity, the property purchased with the proceeds of said homestead, should be sold and all the moneys arising therefrom applied to the payment of said judgments. But to prevent this result, the defendant has threatened to avail himself of the benefits of the Bankrupt Act of the United States, and to claim said property, now in his possession, purchased as aforesaid, as exempt under the provisions of the said Act. Amongst other things, the complainant prayed that the defendant be enjoined from filing a petition in voluntary bankruptcy, and from claiming said property as exempt.

The Chancellor granted the injunction as prayed for, and the defendant excepted.

WORRILL & CHASTAIN, for plaintiff in error.

H. & I. L. FIELDER, for defendant.

TRIPPE, Judge.

The Constitution of the United States grants the power to Congress to establish "uniform laws on the subject of bankruptcies throughout the United States." Congress has exercised this power and enacted a general bankrupt law for the United States. The State Courts will not grant an injunction restraining a party from applying for the benefit of that Act. No precedent or reason for the exercise of such a power by a State Court was shown in the argument. In truth, all analagous precedents and authorities are to the contrary. The

fact, that under the bankrupt law, the applicant may have rights that he could not secure under the State law, furnishes no ground. A State may not discharge a debtor from all liability for his debts, whilst that is one of the chief objects of a bankrupt law, and the special object of the debtor who seeks the benefit of the Act. The judgment of the Chancellor, so far as the injunction operates to restrain Fillingin from making application for the benefit of the bankrupt law, is reversed.

The bill charges the insolvency of Fillingin and wife. The facts are more fully set out in the case of *Gunn et al. vs. Thornton et al.*, decided at the present term. That case and this were brought up by separate bills of exceptions sued out from the decision of the Chancellor, made upon the same bill for injunction, filed at the instance of the defendant in error. The parties to both cases were all parties to the same proceedings below, and that case is referred to for a fuller statement of the facts on this point.

We think the Chancellor committed no error in granting the injunction, so far as it restrains Fillingin and wife from collecting the note given by Thornton for a portion of the purchase money of the homestead.

Injunction modified.