HENRY I. CLARK and Others, Respondents, *v.* BANKERS TRUST COMPANY, as Trustee, Appellant, Impleaded with KEOKUK AND DES MOINES RAILWAY COMPANY, Defendant.

First Department, April 20, 1917.

Injunction — suit to restrain action of Federal court in distributing assets in its possession — sufficiency of complaint and affidavits — jurisdiction of State court to restrain Federal court from proceeding in pending action.

A complaint in a suit by the preferred stockholders of a railway company brought at a time when they were prosecuting an action in the Supreme Court of this State for an accounting and damages against the lessee of their company, claiming to be unsecured creditors, and when the defendant trust company, as trustee, had obtained a judgment on debenture bonds against the lessee company in the Federal court in another State, to collect which it had instituted proceedings in said court, which complaint, on information and belief, charges the defendant with a conspiracy to compel the plaintiffs to submit their claims as preferred stockholders to the determination of the Federal court, examined, together with affidavits made on information and belief in support thereof, and *held*, to furnish no proof of the existence of a cause of action in equity entitling the plaintiffs to an injunction.

Affidavits as to conversations with counsel for the lessee company are not competent evidence of the defendant trust company's participation in the alleged conspiracy.

The Supreme Court has no jurisdiction to restrain the Federal court from proceeding as it sees fit in a cause pending before it.

An injunction granted in such suit which provides that the claim involved in a suit by the plaintiffs, pending in the Supreme Court, shall be excluded from and shall in nowise be affected by any order, rule

or decree made by or in the Federal court, attempts to limit the free-dom of the latter court in adopting such plan for the reorganization of the railroad company, or for the distribution of its assets as in its judgment seems best, and for this, among other reasons, should be vacated.

As the injunction sought by the plaintiffs seeks to restrain the action of the Federal court and to dictate the form of its decree in distributing to the creditors the assets of the railway company in its possession, objections thereto cannot be validated by the claim that it operates on persons only, and those within the jurisdiction of the court.

APPEAL by the defendant, Bankers Trust Company, as trustee, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of March, 1917, granting plaintiffs' motion to continue an injunction *pendente lite* restraining appellant from further prosecuting a certain proceeding for leave to file a bill in equity in the United States District Court for the Northern District of Illinois, Eastern Division.

*George L. Ingraham,* for the appellant.

*William N. Cohen,* for the respondents.

DAVIS, J.:

On February 9, 1917, a temporary injunction was granted herein with an order to show cause why it should not be continued. The injunction retrained the defendant from further prosecuting certain proceedings then pending in the United States District Court for the Northern District of Illinois, Eastern Division. The temporary injunction was modified the day it was granted by the justice who issued it, and in its modified form it was continued by an order dated March 22, 1917. The defendant appeals from the latter order.

The occasion for the issuing of this injunction was furnished by the Bankers Trust Company under the following circumstances: On April 20, 1915, the District Court of the United States for the Northern District of Illinois, Eastern Division, appointed two receivers of the Chicago, Rock Island and Pacific Railway Company in an action brought against the railway company by the American Steel Foundries, a creditor. Pursuant

to the order appointing the receivers the latter took possession of all the property and assets of the corporation.

Prior to the appointment of the receivers the Chicago, Rock Island and Pacific Railway Company had among its outstanding liabilities certain five per cent debentures amounting to about $20,000,000. The defendant Bankers Trust Company was the trustee, with power to enforce the debentures in case of default in the payment of the interest thereon. After the appointment of the receivers the railway company defaulted in the payment of interest on its debentures and the defendant Bankers Trust Company, pursuant to the deed of trust, declared the whole amount of the debentures due, and then by permission began an action in the District Court of the United States for the Northern District of Illinois to recover from the railway company the amount due on the debentures. The action resulted in a judgment in favor of the Bankers Trust Company as trustee against the Chicago, Rock Island and Pacific Railway Company for the sum of $21,560,513.70 on January 23, 1917. Execution was issued and returned unsatisfied on January 30, 1917, all of the property of the railway company, the judgment debtor, then being in the hands of the receivers.

The Bankers Trust Company as a judgment creditor of the railway company then began a proceeding to collect its judgment. It gave notice of a motion for leave to file a bill in equity against the railway company and for the consolidation of the action thus begun with the action brought by the American Steel Foundries in which the receivers were appointed. A copy of this notice of motion and of the petition was served on the plaintiff Henry I. Clark, representing the Keokuk and Des Moines Railway Company stockholders' committee and on its counsel, Mr. Franc. In the 10th paragraph of the proposed bill in equity it is alleged that the complainant therein brings the bill in behalf of itself and of other unsecured creditors of the railway company who shall by leave of court come in, duly prove their claims and join in the bill and become parties thereto. It then asks judgment as follows:

" *Second.* That the rights of the complainant and other unsecured creditors of the railway company may be ascertained and decreed, and that this court will fully administer the fund in

which complainant is interested, constituting the entire property and assets of the railway company; that sequestration of all said property and assets in and for the enforcement of said judgment and said execution may be decreed, and that this Court will for such purpose ascertain the several and respective rights and claims asserted against each and every part of said property and assets, and enforce and decree the rights and equities of the creditors of the Railway Company as the same may be finally ascertained and decreed by the Court in and to each and every portion of the property and assets of the Railway Company.

"*Third.* That a sale of all the railroads, goods, chattels, rights and tenements and properties be decreed, subject to such valid mortgage and other liens as may be ascertained and adjudicated to exist, and the proceeds after proof of and determination upon such priorities and liens as shall be shown to exist, together with all moneys in the hands of said Receiver, be distributed ratably to this Complainant and all other creditors of the Railway Company who may prove their claims to the satisfaction of this Court.

"*Fourth.* That for the purpose of carrying out and making effectual the orders and decrees of this Court a Receiver or Receivers be appointed according to the usual course of equity in like cases.

"*Fifth.* That the Complainant, as such Trustee, have judgment for any deficiency."

The notice of motion for leave to file this bill in equity was returnable on February 10, 1917. The plaintiffs herein did not appear before the Federal court on the return day, February tenth, but commenced this present action and on February 9, 1917, obtained the temporary injunction in question on this appeal.

At this point we should consider upon what facts the plaintiffs in this action base their claim to hold the injunction.

The plaintiffs are preferred stockholders of the Keokuk and Des Moines Railway Company, and they bring this action as unsecured creditors of the Rock Island Company on behalf of themselves and all other preferred stockholders of the Keokuk and Des Moines Railway Company similarly situated. Since

1878 the Keokuk and Des Moines Railway Company has been operated by the Chicago, Rock Island and Pacific Railway Company and its predecessor under a lease made May 14, 1878.

In June, 1914, these plaintiffs, alleging that the Rock Island Company had not kept the covenants of this lease, and was largely in debt to the Keokuk and Des Moines Railway Company, brought an action as preferred stockholders in the Supreme Court of the State of New York to compel the Rock Island Company to account for the amount claimed to be due the Keokuk and Des Moines Railway Company as rental, and generally for its administration of all the affairs and properties of the lessor company since the making of the lease in 1878, and for an assessment of damages against the Rock Island Company for wasting the property of the lessor company, and for an injunction. This action is referred to herein as the "1914 Suit." The complaint in the action also alleges that the defendant the Rock Island Company controlled a majority of the stock of the lessor company.

The Chicago, Rock Island and Pacific Railway Company interposed an answer to this complaint, denying liability, and by stipulation on January 7, 1915, the action was referred to a referee to hear and determine. Several sessions were held before the referee, but the hearing was never terminated, the defendant in the present case claiming that the action was abandoned, but the plaintiffs claiming that the hearings were suspended because of the refusal of a non-resident witness connected with the Rock Island Company to return to this jurisdiction for further examination.

Thus the position of the parties at the time this action was brought on February 9, 1917, was as follows: The plaintiffs were prosecuting an action for an accounting and damages against the Chicago, Rock Island and Pacific Railway Company in the Supreme Court of New York, claiming to be unsecured creditors. The defendant, the Bankers Trust Company, had obtained a judgment for over $20,000,000 against the Chicago, Rock Island and Pacific Railway Company in the Federal court in Illinois, upon which execution had been returned unsatisfied, and to collect which it had instituted proceedings in that court in Illinois to obtain leave to file a bill in equity.

The injunction was granted upon a complaint and affidavits of three of the plaintiffs and the exhibits attached thereto.

The complaint in this present action is a charge of conspiracy against the defendant. The material allegations are all made upon information and belief and the object of the conspiracy and the persons involved therein are set out in paragraph 48 of the complaint:

"*Forty-eighth.* Upon information and belief, that the defendant Bankers Trust Company, as Trustee as aforesaid, contrary to equity, good conscience and fair dealings, confederated, and conspired with the Board of Directors of The Chicago, Rock Island & Pacific Railway Company, or with a majority of said Board of Directors, and with the aforesaid Joint Reorganization Committee, and with the aforesaid Debenture Committee, and with the aforesaid Amster Committee, and with the aforesaid Hayden Committee, and with other persons, firms and corporations to the plaintiffs herein at present unknown, for the purpose of hindering, delaying, impeding, oppressing, ruining, injuring and embarrassing, and wholly or in part defeating the causes of action, claims and rights of the unsecured creditors of The Chicago, Rock Island & Pacific Railway Company, and particularly the causes of action, claims and rights in favor of the defendant Keokuk & Des Moines Railway Company and of the plaintiffs herein as preferred stockholders of the Keokuk Road against the Chicago, Rock Island & Pacific Railway Company; and for the further purpose of wrongfully, unlawfully and illegally hindering, delaying, impeding, oppressing, ruining, injuring and embarrassing, and wholly or in part defeating the Keokuk Road and the plaintiffs herein and in the said 1914 Suit as Preferred Stockholders of the Keokuk Road, of their causes of action, claims and rights against The Chicago, Rock Island & Pacific Railway Company."

The complaint then proceeds to allege also upon information and belief the various overt acts committed by defendant and its co-conspirators to effect the object of the conspiracy. The first overt act alleged is the filing by the defendant of a petition in the United States District Court of Illinois in the equity action of the Foundries Company for leave to prosecute, as

trustee, an action at law in that court against the Rock Island Company to recover the principal and interest of $20,000,000 debentures, and the obtaining of such leave from the court by an order dated January 12, 1917. The next overt act is alleged to be the bringing of said action at law on January 23, 1917, the recovery of a judgment, the issuance of an execution thereon returned unsatisfied, all of these proceedings having been carried through without notice to the plaintiffs, and the third overt act is alleged to be the filing of a petition by defendant in the United States District Court on February 3, 1917, for leave to file a bill in equity in order to collect its judgment out of the assets of the Rock Island Company, then in the hands of a receiver. The complaint also alleges that the joint reorganization committee adopted a plan of reorganization of the Rock Island Company which, while it adequately protects the stockholders of the Rock Island Company and the holders of its $20,000,000 of debentures, makes inadequate and inequitable provision for unsecured creditors and makes no provision whatever for claims against the Rock Island Company in favor of the Keokuk and Des Moines Railway Company or the plaintiffs as its preferred stockholders. It also alleges that the plan of the joint reorganization committee was declared in effect by that committee about February 1, 1917, and upon information and belief that the plan so put in operation is a part of the general conspiracy between the defendant and the various reorganization committees named to injure the unsecured creditors. And in the 52d paragraph of the complaint it is alleged:

"*Fifty-second.* That plaintiffs are advised by * · * * counsel for the plaintiffs herein, and also of counsel for the plaintiffs in the 1914 Suit, and by [the] attorney for the plaintiffs herein and in the 1914 Suit, and verily believe and therefore allege, that the purpose and object of the said creditors' bill which the defendant Bankers Trust Company, as Trustee as aforesaid, has prayed leave to file in the District Court of the United States for the Northern District of Illinois, Eastern Division, against The Chicago, Rock Island & Pacific Railway Company is, under color of law, and by a pretended judicial proceeding and processes, and by indirection, illegality, inequi-

tably and unconsciionably, and contrary to equity, good conscience and fair dealings, to circumvent, hinder, delay, impede, embarrass, oppress and injure the unsecured creditors of The Chicago, Rock Island & Pacific Railway Company, and particularly illegally, inequitably and unconscionably and contrary to equity, good conscience and fair dealings, to circumvent, hinder, delay, impede, embarrass, oppress and injure the Keokuk & Des Moines Railway Company and the plaintiffs herein and in the said 1914 Suit, as Preferred Stockholders of the said Keokuk & Des Moines Railway Company, and illegally, inequitably, and unconscionably, and contrary to equity, good conscience and fair dealings, to endeavor to circumvent and overcome by indirection and by pretended judicial proceedings and processes, and under color of law, the principles announced by the United States Supreme Court in the cases of *Northern Pacific R. Co.* v. *Boyd* (reported in 228 U. S. 482), and in *Kansas City Southern Railway Co.* v. *Guardian Trust Co.* (reported in 240 U. S. 166)."

As we view this complaint it amounts to nothing more than that the plaintiffs are informed and believe upon the advice of their counsel that the defendant has conspired with others to compel the plaintiffs to submit their claims as preferred stockholders of the Keokuk and Des Moines Railway Company to the determination of the United States District Court in Illinois and that the proceedings of the defendant Bankers Trust Company to obtain its judgment and to file a bill in equity to collect that judgment were acts done pursuant to that conspiracy.

The allegations of the complaint are sought to be supported by certain affidavits, but these affidavits are also made mainly upon information and belief and furnish no proof whatever of the charge of conspiracy or of the alleged unlawful intent of defendant. Upon these papers, which are clearly insufficient, the Special Term has issued an injunction which not only restricts the defendant's liberty of action in the Federal court, but in effect seeks to restrain that court from distributing the assets of the Rock Island Company among its creditors in accordance with its own procedure.

We have then a complaint charging conspiracy upon infor-

mation and belief with absolutely no proof by affidavit or otherwise of the existence of the conspiracy.

The affidavits read in support of the injunction are made by the plaintiffs Herbert H. Clark, Abraham Sartorious and one of their attorneys, Mr. Franc. In the affidavits of Clark and Sartorious there is a reiteration of the conspiracy charge, but upon information and belief as in the complaint, the information being furnished by defendant's counsel, none of whom makes affidavits except Franc, and his affidavit merely asserts the truth of certain allegations in the complaint as to conversations had between him and the general solicitor of the Rock Island Company and by the counsel of that company on January 31, 1917, in Chicago. These conversations are not evidence of this defendant's participation in a conspiracy. Whatever the evidence may prove against the Rock Island Company, it is not competent as evidence to show that this enjoined defendant was a member of the alleged conspiracy. We, therefore, think that this complaint and the affidavits in support of it furnish no proof whatever of the existence of a cause of action in equity entitling the plaintiffs to this injunction. They are merely statements of acts on the part of the defendant, which it had a right to perform either singly or in association with others. The defendant's answer and affidavits deny all the allegations of the complaint as to the conspiracy and the charge of bad intention. For these reasons this injunction should be vacated. The answer also sets up as a separate defense the various steps taken by the defendant in the Federal court to obtain its judgment, and the petition to the court for leave to file a bill in equity to enforce the payment of the judgment, and the granting of such leave by the Federal court, and concludes as follows:

"V. This defendant further alleges that the District Court of the United States for the Northern District of Illinois, Eastern Division, had before the commencement of this action taken jurisdiction of the affairs of the Chicago, Rock Island and Pacific Railway Company and of the disposition of its property and of all claims against it, or which could or should be satisfied out of its property, and that, therefore, this Court has no jurisdiction to interfere with the proper proceedings in

the District Court of the United States for the Northern District of Illinois, Eastern Division, or of any parties to the action or proceedings in the said District Court of the United States, and has no jurisdiction to enjoin the proceedings in said United States District Court or of the parties thereto."

These allegations of the answer emphasize another infirmity of this injunction order which is quite obvious on the record — the lack of jurisdiction in the court to issue it. The Supreme Court cannot restrain the United States court from proceeding as it sees fit in a cause pending in it.

This injunction order restrains the defendant from further prosecuting its petition for leave to file a bill in equity against the Rock Island road in the United States District Court for the enforcement of its judgment against the Rock Island Company obtained in that court. It also restrains the defendant from filing or taking any steps whatever in support of its bill in equity, and from bringing any other action against the Rock Island railway to enforce its judgment, although the Federal court had given permission to carry on the proceedings. It restrains the defendant from conspiring with other parties named to do anything to hinder and delay the unsecured creditors of the Rock Island railway, particularly the Keokuk and Des Moines Railway Company and the plaintiffs as preferred stockholders thereof, in the enforcement of their claims against the Rock Island.

As stated above, the court modified the injunction order pending the hearing on the motion to continue the injunction by an order which provided that

"The aforesaid injunction shall not prevent the Bankers Trust Company as Trustee, to file in the District Court of the United States for the Northern District of Illinois, Eastern Division, its Bill of Complaint, substantially in the form annexed to the complaint herein as Exhibit J, to move for the appointment of Jacob M. Dickinson, Esq., as receiver in said suit, to move for the consolidation of said suit of Bankers Trust Company with the pending proceeding entitled ' American Steel Foundries, Complainant, against the Chicago, Rock Island and Pacific Railway Company, Defendant, In Equity No. 445 ' and to move for the appointment in said cause as thus consoli-

dated of a Special Master to hear and determine claims. But the foregoing modification of the injunction contained in said order to show cause is made upon the following express conditions, that is to say (1) that the claims involved in the so called ' 1914 Suit' shall be excluded from and shall in nowise be affected by any order, rule and/or decree made by or in the aforesaid District Court; and (2) that the claims involved in the said ' 1914 Suit' shall be excluded from presentation and proof before any Special Master appointed by or in said District Court; and (3) that the claims involved in said 1914 Suit shall be heard and determined solely in said 1914 Suit now on trial before Lewis L. Delafield, Esq., Referee in case the injunction herein is finally continued; but without prejudice to plaintiffs in said 1914 Suit to maintain and prosecute said 1914 Suit in this court, even though the injunction herein be vacated; the above (3) three conditions being dependent upon the granting of a final and perpetual injunction herein.

" Consent to by

" JAMES J. FRANC,
" *Plaintiff's Attorney,*
" INGRAHAM, SHEEHAN & MORAN,
" *Attys. for Bankers Trust Co.*
" Dated NEW YORK, *February 9th,* 1917."

The injunction as modified, while it permits the defendant to file its bill in equity in the Federal court, restrains the defendant from bringing any other action against the Rock Island with respect to the enforcement of its judgment. It also restrains the defendant from conspiring against the plaintiffs and from doing any other acts to hinder and delay the unsecured creditors of the Rock Island and particularly the Keokuk and Des Moines railway and the plaintiffs as preferred stockholders thereof in enforcing their claims against the Rock Island road, especially to hinder and delay the plaintiffs in prosecuting their 1914 suit against the Rock Island Company in the Supreme Court of the State of New York and obtaining and collecting a judgment therein. It also restrains the defendant generally from maintaining any suit, or entering any rule, decree or order, or doing anything to impair plain-

tiffs' rights., The injunction provides: "(1) that the claims involved in the so called '1914 Suit' shall be excluded from and shall in nowise be affected by any order, rule and/or decree made by or in the aforesaid District Court; and (2) that the claims involved in the said '1914 Suit' shall be excluded from presentation and proof before any Special Master appointed by or in said District Court; and (3) that the claims involved in said 1914 Suit shall be heard and determined solely in said 1914 Suit now on trial before Lewis L. Delafield, Esq., Referee."

This injunction thus undertakes to prevent the Federal court from considering and taking proof of plaintiffs' claims as unsecured creditors, although there can be no distribution of the Rock Island assets except through the Federal court. By the terms of this injunction it must distribute these assets without considering the plaintiffs' claims, although that court may deem it vital to the interest of the stockholders and creditors to adjust all claims against the railway in that proceeding. Among the important functions of the Federal courts is that of encouraging and approving reorganizations in the interest of stockholders and creditors. It appears from this record that a plan of reorganization will be proposed to the court for its approval. Yet this injunction, by providing that "the claims involved in the so called '1914 Suit' shall be excluded from and shall in nowise be affected by any order, rule * * * or decree made by or in the aforesaid District Court," attempts to limit the freedom of the Federal court in adopting such plan for the rehabilitation of the road or for the distribution of its assets, as in its judgment seems best. For these reasons also we think this injunction should be vacated.

It is claimed by the respondents that this injunction operates on persons only and those within the jurisdiction of this court. Injunctions usually operate on persons, but at the same time the effect of the injunction usually extends beyond the person. In the case at bar, for instance, it seeks to restrain the United States court and dictate the form of its decree in distributing to the creditors the assets of this railway company now in its possession.

In the case of *Beardslee* v. *Ingraham* (183 N. Y. 411) the court said: "State courts are expressly declared to be destitute of all power to restrain either the process or proceedings

in the national courts. The general rule that there is no authority in the State courts to enjoin proceedings in the courts of the United States is laid down as distinctly as a judicial proposition can be declared and the correctness of the conclusion finds ample support in the authorities cited." And continuing, "Furthermore, it is 'a rule of general application that where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court.'"

In *Peck* v. *Jenness* (7 How. [U. S.] 612) the court said: "It is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that where the jurisdiction of a court and the right of a plaintiff to prosecute his suit in it have once attached, that right cannot be arrested or taken away by proceedings in another court. * * * The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum." (See, also, *Central National Bank* v. *Stevens,* 169 U. S. 432.) In the case last cited the court, after referring to the doctrine laid down in section 899 of Story's Equity Jurisprudence (13th ed.) that whenever the parties are resident within a country the courts of that country have full authority to act upon them personally, with respect to the subjects of suits in a foreign country as the ends of justice may require, quotes with approval the author's subsequent statement (§ 900) of the well-recognized exception to this rule that "There is one exception to this doctrine which has been long recognized in America; and that is, that the State courts cannot enjoin proceedings in the courts of the United States, nor the latter in the former courts."

It, therefore, does not overcome the radical objection to this injunction to assert that it runs only against an individual. Its effects are more far reaching than that. It aims to restrain the action of the United States court.

The order should be reversed, with ten dollars costs and disbursements, the injunction vacated and the motion to continue the injunction denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and injunction vacated.