JOSEPH M. SCHENCK, Appellant, *v.* JOHN G. UNDERHILL and Others, Respondents, Impleaded with JACINTO BENAVENTE, Defendant.

Second Department, April 20, 1923.

Injunctions — action to vacate judgment recovered by one defendant against plaintiff and to restrain enforcement thereof and to restrain action in Federal court by another defendant — Appellate Division will not ordinarily interfere with action of Special Term granting or refusing injunction pendente lite — on appeal judgment will not be set aside on ground of newly-discovered evidence, where same was known to party at time of trial — plaintiff's claim of newly-discovered evidence not supported by proof — State court will not restrain action in Federal court for violation of copyright — injunction pendente lite properly denied.

The Appellate Division will not interfere with the discretion of the Special Term in granting or refusing an injunction *pendente lite* save in exceptional cases.

No reason is shown in this case why the Appellate Division should interfere with the refusal of the Special Term to grant the injunction, since it appears that the judgment which was sought to be vacated in this action was recovered by one of the defendants against the plaintiff in an action to restrain the defendant from producing a motion picture under the title of "The Passion Flower," and was affirmed on appeal; that the claim of the plaintiff in this action that newly-discovered evidence would establish that the defendant in the former action had no right to the exclusive use of said title was not supported by facts in any of the affidavits presented by the plaintiff in this action; and that if there is any such evidence it was known to the plaintiff at the time of the trial of the former action, or at least at the time of the argument of the appeal therein.

The State court cannot restrain the prosecution of an action in the Federal court for the violation of a copyright.

APPEAL by the plaintiff, Joseph M. Schenck, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 24th day of January, 1923, denying his motion for a temporary injunction restraining defendants Underhill and Roman from proceeding with certain actions brought by them against the plaintiff.

*Almet F. Jenks* [*Gustavus A. Rogers, Bertram S. Nayfack* and *Harry L. Kreeger* with him on the brief], for the appellant.

*Paul Bonynge,* for the respondent Underhill.

*Perry Allen* [*Herbert Goldmark* of counsel], for the respondent Roman.

*Elijah N. Zoline,* for the respondent Herndon.

KELLY, P. J.:

There is no reason, in this case, for departing from the rule frequently announced in this court that we will not interfere with

the discretion of the Special Term in granting or refusing an injunction *pendente lite* save in exceptional cases, but that the action should be tried on its merits so that findings of fact and conclusions of law may be formulated before the rights of the parties are passed upon. (*Bergen Beach Land Corporation* v. *City of New York,* 192 App. Div. 884.) In the present condition of the equity calendar in Kings county this action, in which issue was joined in October, 1922, might have been tried and disposed of on the merits long before the learned Special Term decided the motion for temporary injunction, and even after that decision the action might have been tried at the February or March, 1923, term of the court.

But if we examine the complaint and moving papers, the affidavits in opposition to the motion for a temporary injunction and the records of this court in the former litigation between the parties *Underhill* v. *Schenck* (201 App. Div. 46), the proceedings in which plaintiff seeks to enjoin, we reach the conclusion that the learned justice at Special Term was right in his decision.

In April, 1921, there was tried at the Equity Term in Kings county an action brought by John G. Underhill against Joseph M. Schenck, Richard G. Herndon and Jacinto Benavente. In that action Underhill claimed an exclusive right and property in the title " The Passion Flower " as applied to a dramatic composition, and sought to restrain Schenck (the plaintiff in the case at bar) and Herndon from producing motion pictures of the play under that title and to recover damages. Benavente, a noted Spanish dramatist, in 1914 wrote a play entitled " La Malquerida," copyrighted the Spanish version in the United States in March, 1914, and in 1916 granted to Underhill the sole right to translate, adapt the play and perform it in the English language. Underhill translated this and other plays of Benavente and in May, 1917, they were copyrighted and published by Charles Scribner & Sons. Underhill deemed the title " La Malquerida " ill suited to popular success and changed the title to " The Passion Flower," a phrase taken from one of the stanzas of the play by free translation. Underhill alleged that Schenck and Herndon were producing a motion picture production of " The Passion Flower " in violation of his exclusive right and property in that title. The trial court found in favor of Underhill, findings of fact and conclusions of law were filed and on May 31, 1921, a judgment was entered enjoining Schenck and Herndon from producing the motion picture play under the title " The Passion Flower," and decreeing damages to Underhill and that the defendants account for profits and damages before a referee named in the judgment. From this judgment

Schenck appealed to this court, obtaining a stay of proceedings by filing a bond in $25,000. The appeal was argued January 6, 1922, and on April 17, 1922, the judgment was modified and as modified affirmed. ( *Underhill* v. *Schenck,* 201 App. Div. 46.) It appears from the record before us upon an appeal from an order adjudging Schenck in contempt of court,* which appeal was argued with the appeal in the case at bar, that in July, 1922, the parties appeared before the referee; that the referee directed Schenck to file the account as directed by the judgment; that the then attorney for Schenck stated that he conceded the propriety of the order and asked time to prepare and file the account; that an adjournment was granted for that purpose to August first; that Mr. Schenck did not file the account as directed, but in September appeared before the referee through his present attorneys and obtained a further adjournment over Underhill's protest, upon a statement that he was about to commence an action to enjoin the proceedings under the judgment, but agreeing to file the account in the event that an injunction was denied. Notwithstanding the denial of the injunction *pendente lite,* Mr. Schenck has not obeyed the direction in the judgment or the order of the referee. On October 3, 1922, he commenced the action at bar in which he asks *inter alia* that the judgment in *Underhill* v. *Schenck* be vacated and set aside and that Underhill be enjoined from enforcing the decree or continuing the proceedings before the referee.

The action is variously described by counsel for appellant as a " bill of review " and an " action for a declaratory judgment." It has some of the characteristics of a motion for a new trial upon the ground of newly-discovered evidence, although it would seem that such a motion would be met with the answer that the so-called newly-discovered evidence was known to the plaintiff Schenck, who was the defendant in the former action, long before the argument of the appeal in that action, and in fact at the date of the original trial, and that Mr. Schenck said nothing about it, either to the trial court or to this court, and it would also be claimed that the alleged newly-discovered evidence would not affect the result in *Underhill* v. *Schenck.* Judgments of the court affirmed on appeal are not to be set aside on grounds like these, and if defeated litigants may begin new actions and enjoin proceedings under judgments duly rendered upon such grounds, there will be no end to litigation and no finality about the judgments of the court.

Let us examine the complaint in this " bill of review " in the effort to appreciate what the plaintiff is endeavoring to accomplish,

---

* See *Underhill* v. *Schenck* (205 App. Div. 182).— [REP.

having in mind that with this motion for a temporary injunction there was argued a motion by Underhill to punish Schenck for contempt of court for willful refusal to obey the judgment in the former action. The motion was granted and Mr. Schenck was adjudged in contempt, and his appeal from that order is now before this court for decision. The opinion of the learned justice at Special Term printed in the record in this case covers both motions.

The plaintiff, appellant, Schenck, alleges in the present action:

1. That defendant Roman has commenced an action against Schenck in the United States District Court in which Roman alleges that in April, 1914, defendant Benavente sold to one Muntanola the exclusive moving picture rights in the composition " La Malquerida " for the entire world and for the life of the copyright of said composition. Roman alleges in his complaint that in September, 1921, Muntanola sold such exclusive rights with right of action for infringement, etc., to him, Roman. Roman alleges that in the year 1920 or early in 1921 Schenck prepared and produced moving pictures of the composition " La Malquerida " in violation of his, Roman's, rights under the assignment from Benavente, and that Schenck is exhibiting said moving picture under the title " The Passion Flower " but " boldly " represents that it is adapted from and based upon the copyrighted composition " La Malquerida," and Roman prays for injunction and accounting. Roman's bill of complaint is sworn to February 23, 1922 (the appeal in *Underhill* v. *Schenck* was argued in this court January 6, 1922, and decided April 17, 1922). Mr. Schenck answered Roman's bill of complaint by answer verified May 8, 1922, denying Roman's allegations, and denying that he was infringing any of complainant's rights, and setting up as a separate defense that in December, 1913, the composition " La Malquerida " had not been registered or copyrighted and that it was published in Spain and so became public property; that any attempt subsequently made to copyright said composition in the United States or in Spain was " futile and ineffectual." By other separate defenses he attacks the validity of the copyright and the rights of Muntanola (Benavente's alleged assignee) and practically charges Roman with blackmail.

So much for the Roman litigation.

The other ground upon which Mr. Schenck attacks the judgment in *Underhill* v. *Schenck* is the charge (asserted in his defense to Roman's action) that the composition " La Malquerida " had been published in Spain in 1913 before registration or copyright by Benavente, and that, therefore, it was public property; and he says in his points on this appeal, " If it can be established that

Underhill had no interest in the spoken drama, then this judgment in *Underhill* v. *Schenck* (201 App. Div.) has no basis. The only interest that Underhill had in the spoken drama is assuredly the assignment from Benavente in 1916. * * * This court would not have awarded a decree of damages to Underhill merely for the use of the title ' The Passion Flower,' without taking into consideration his rights to the play itself; and, in fact, it was expressly so stated by the court. If the title to the play is to be regarded as a trade-mark, it can have no efficacy unless physically affixed to something."

2. In addition to his assertion that Benavente had assigned his interest in the composition " La Malquerida " to Muntanola prior to his grant of the right to Underhill, Mr. Schenck asserts that the composition had been produced openly in Spain prior to registration or copyright and was, therefore, dedicated to the public. But there is no evidence in the record to sustain this allegation of earlier production in Spain and consequent dedication of the composition to the public. The affidavit of Nayfack, upon which plaintiff Schenck moves for injunction in the case at bar, contains no statement of fact concerning such earlier production. Mr. Nayfack says, " if the facts " had been known to the Supreme Court in the case of *Underhill* v. *Schenck* the court would have dismissed the complaint. And he says: " In view of the newly-discovered fact of publication in Spain," etc., and " The proof of the facts * * * was found only after great difficulty," and " At the present time particularly in view of the newly-discovered facts * * * the position of the plaintiff herein Schenck is most inequitable."

There is no evidence of the alleged " facts." At the most there is a vague statement of hearsay evidence.

Mr. Schenck makes no affidavit in support of the motion for injunction. His original complaint in this action was verified by his attorney, and his amended complaint is unverified. And Roman, whose allegations in his complaint are cited by Schenck as evidence justifying injunction, makes an affidavit in this case in opposition to the motion for injunction in which he says: " The deponent Nayfack offers no proof whatever of the alleged ' discovery;' he does not even say who the informant is, if any, or whether it consists of documentary evidence. He produces nothing whatever to substantiate this great ' fact ' so ' discovered,' upon which he bases this whole application."

Roman makes affidavit that he notified Schenck of his claim by formal letter as early as June 21, 1921, and that this letter was written after negotiations of some length between Roman and

Schenck. The trial before Judge BENEDICT was in April, 1921, so there is much support for Underhill's claim that at the time of the trial of *Underhill* v. *Schenck* Mr. Schenck knew all about Roman's claim and concealed it from the trial court, as he certainly did when he perfected his appeal to this court and argued it in January, 1922. Roman says: " For many months before I started my action I was continually making claims upon Schenck with regard to the moving picture rights in the play called ' La Malquerida.' "

And as the respondent Underhill insists in his point IV, his judgment in *Underhill* v. *Schenck* was not based upon a claim of *copyright*. It was based upon his proprietary interest in the title " The Passion Flower." And Mr. Justice YOUNG expressly stated in his opinion in *Underhill* v. *Schenck* (201 App. Div. 46): " The vital thing here is that the motion picture was produced under the same title adopted by plaintiff for the spoken drama. * * * For the violation of his exclusive right in the title, plaintiff is entitled to an injunction; for a violation of his copyright by the production of the play itself in motion pictures, he can, as I have pointed out, obtain no relief in this court."

And the learned counsel for Mr. Schenck said in their points on appeal in this court in *Underhill* v. *Schenck:* " Of course, it will be unnecessary to argue that if the plaintiff is claiming any relief by reason of existing copyrights that relief must be sought in the Federal courts under the Copyright Statute."

On the whole record this " bill of review " or " action for a declaratory judgment," seems to be an attempt to avoid the judgment in *Underhill* v. *Schenck* rendered after trial and affirmed by this court.

I am also of opinion that the Supreme Court has no power to enjoin the prosecution of Roman's action for *violation of copyright* in the Federal courts. It has been determined many times that exclusive jurisdiction in such actions, like infringement of patent rights, is vested in the Federal courts. (*Beardslee* v. *Ingraham,* 183 N. Y. 411; *Wise* v. *Tube Bending Machine Co.,* 194 id. 272; Copyright Act of 1909 [35 U. S. Stat. at Large, 1084], § 34 *et seq.;* Judicial Code [36 id. 1091, 1092], § 24, subd. 7; Judicial Code [36 id. 1160, 1161], § 256, subd. 5; Judicial Code [36 id. 1167], §§ 289, 291.)

I conclude that the plaintiff presented no case for a temporary injunction, and that there is reason to doubt the *bona fides* of his action.

The order denying injunction *pendente lite* should be affirmed, with ten dollars costs and disbursements.

MANNING, KELBY, YOUNG and KAPPER, JJ., concur.

Order denying injunction *pendente lite* affirmed, with ten dollars costs and disbursements.