Frederick Thompson, Individually and as a Stockholder of Samson United Corporation, Suing on Behalf of Himself and All Other Stockholders of Said Corporation, and for the Benefit of Said Corporation, Plaintiff, *v.* Samson United Corporation et al., Defendants.

Supreme Court, Special Term, Monroe County, June 16, 1952.

*Frederick Thompson,* plaintiff in person.

*Harry D. Goldman* for defendants appearing specially.

*Harold G. Hutchens, amicus curiæ.*

Roberts, J. This is a representative action brought by the plaintiff individually and for the benefit of other stockholders against the defendant corporation and the president and treasurer thereof, to enjoin said defendants from filing a petition

in bankruptcy on behalf of the defendant corporation in the United States District Court for the State of Delaware, and from paying out corporate funds for such purpose. This motion is for a temporary injunction restraining the defendants during the pendency of the action from filing such petition and from paying out corporate funds for such purpose. The defendants appeared specially in opposition to the motion and objected to the relief sought solely upon the ground that this court was without jurisdiction to enjoin the defendants from filing a petition in bankruptcy.

It is well recognized that a court of equity may restrain parties over whom it has obtained jurisdiction from commencing or prosecuting an action in a sister State or in a foreign country where it sufficiently appears that irreparable injury therefrom will result to the plaintiff. (*Garvin* v. *Garvin*, 302 N. Y. 96; *Goldstein* v. *Goldstein*, 283 N. Y. 146, per LOUGHRAN, J., dissenting, 149; *Latham & Co.* v. *Mayflower Industries*, 278 App. Div. 90, 94; *Paramount Pictures* v. *Blumenthal*, 256 App. Div. 756; *Greenberg* v. *Greenberg*, 218 App. Div. 104.) The rule, however, differs with respect to suits and proceedings in Federal courts and it has frequently been held that the courts of this State are without jurisdiction to restrain parties residing in this State from proceeding in a Federal court. (*Central Nat. Bank* v. *Stevens*, 169 U. S. 432, revg. *Stevens* v. *Central Nat. Bank*, 144 N. Y. 50; *Beardslee* v. *Ingraham*, 183 N. Y. 411, 417; *Schenck* v. *Underhill*, 205 App. Div. 162, 167; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 195 App. Div. 161, 167; *Clark* v. *Bankers Trust Co.*, 177 App. Div. 627, 639.)

The foregoing rules have been stated in Story's Equity Jurisprudence (14th ed., Vol. 2, § 1225) as follows: "It is now held that whenever the parties are resident within a country the courts of that country have full authority to act upon them personally, with respect to the subject of suits in a foreign country, as the ends of justice may require; and with that view to order them to take or to omit to take any steps and proceedings in any other court of justice, whether in the same country or in any foreign country. There is one exception to this doctrine which has been long recognized in America; and that is that the State courts cannot enjoin proceedings in the courts of the United States, nor the latter in the former courts." The same rule is recognized and stated in Lawrence on Equity Jurisprudence (Vol. 2, § 990).

Under the Constitution Congress is empowered to establish uniform laws on the subject of bankruptcies, and pursuant thereto Congress has under the Bankruptcy Law vested jurisdiction in bankruptcy matters in the United States courts. " The federal bankruptcy power is, of course, paramount and supreme and may be so exercised by Congress as to exclude every competing or conflicting proceeding in state or federal tribunals." (*Marine Properties* v. *Trust Co.*, 317 U. S. 78, 83.) It would seem, therefore, to logically follow that the recognized rule that the courts of this State cannot enjoin proceedings in Federal courts would apply with equal force and effect to proceedings in bankruptcy courts. Every resident of this State has the right to avail himself of the benefits of the Bankruptcy Law, and whether or not he selects the proper remedy under the Bankruptcy Law and whether or not he selects the proper Federal district in which to file his petition, would seem to be matters exclusively within the jurisdiction of the Federal courts. No case has been cited by the plaintiff and none has been found where it has been held that a State court, regardless of the merits of the application, is empowered to enjoin the filing of a petition in bankruptcy. On the other hand, it has been held not only that a State court has no power to enjoin a pending bankruptcy proceeding (*Kalb* v. *Feuerstein*, 308 U. S. 433), but it has likewise been held that a State court is without power to enjoin or restrain the filing of a petition in bankruptcy. (*Franklin Factors Corp.* v. *Green Furs*, 170 Misc. 229; *Matter of Kepecs*, 123 N. Y. S. 872; *Matter of Yaryan Naval Stores Co.*, 214 F. 563; *Struthers Furnace Co.* v. *Grant*, 30 F. 2d 576, 577; *Matter of Henn*, 114 N. J. Eq. 452; *Fillingin* v. *Thornton*, 49 Ga. 384; 1 High on Injunctions [4th ed.], § 300.)

The conclusion reached from the foregoing authorities is that this court is without power to grant the temporary injunction which the plaintiff seeks. This determination makes unnecessary a consideration of the merits of the application. Temporary restraining order is vacated and motion denied.