JAMAICA HOSPITAL et al., Appellants, v BARBARA B. BLUM, as Acting Commissioner of Social Services of the State of New York, et al., Respondents.

Second Department, May 14, 1979

### APPEARANCES OF COUNSEL

*Proskauer Rose Goetz & Mendelsohn (Steven J. Stein, Lois D. Thompson, M. William Scherer* and *Robert M. Kaufman* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Covington & Burling [Charles A. Miller* and *Patricia A. Barald]* of counsel), for respondents.

### OPINION OF THE COURT

LAZER, J.

On this appeal we are asked to determine whether a State court has the power to declare illegal the enforcement of a restitution order entered in a Federal District Court—and to enjoin enforcement thereof—in a case where the District Court has retained jurisdiction to enforce its order. On the

unique facts of this case, we think that the Federal Constitution precludes such relief.

The plaintiffs are voluntary and public hospitals in New York State providing hospital and health related services to Medicaid patients. Under title XIX of the Social Security Act (US Code, tit 42, § 1396 *et seq.* [the Medicaid Act]), they are reimbursed for services to eligible patients in accordance with a "Medicaid State Plan" promulgated by the State and approved by the Department of Health, Education and Welfare (HEW). The defendants are officials of the State of New York who, in 1976, announced that they would continue to pay the 1975 rates in 1976 despite the fact that the approved "Medicaid State Plan" then in effect required them to recompute the rates annually, taking inflation and other factors into account. Plaintiffs immediately commenced an action in the United States District Court for the Southern District of New York but, on July 1, 1976, while the action was pending, defendants withdrew the frozen rates and announced new rates retroactive to January 1, 1976 which had been calculated pursuant to a new formula which had not received prior approval by HEW. The new plan, too, provided a lower rate of reimbursement than the existing approved plan would have provided. Plaintiffs then asked the Federal court to invalidate the new plan and to enjoin its implementation on the ground that it failed to reimburse the hospitals for their "reasonable costs" and that the new methodology had not received prior approval from HEW as required by the statute.

On the plaintiffs' motion for a preliminary injunction and the State defendants' motion to dismiss the amended complaint, the District Court entered a judgment on August 2, 1976 which (1) ordered the defendants to comply with the statutory requirement of preimplementation approval of any amendment to the New York State plan for Medicaid reimbursement "so long as New York State participates in the federal Medicaid Program"; (2) enjoined implementation of reimbursement regulations promulgated for 1976 until the regulations had been approved; and (3) ordered the defendants to recompute and pay reimbursement rates in accordance with a previously approved New York State plan.

On appeal from this judgment to the Court of Appeals for the Second Circuit, the matter was remanded to the District Court for a determination of whether HEW's subsequent approval of the challenged regulations rendered them effective

retroactively to January 1, 1976. On November 5, 1976 the District Court held that the regulations could not be retroactively applied and directed the defendants to comply with the "order" of August 2, 1976 (*Hospital Assn. of N. Y. State v Toia,* 73 FRD 565). After some delay (see, e.g., *Hospital Assn. of N. Y. State v Toia,* 428 F Supp 848), the defendants did comply and the plaintiffs received significant additional sums in Medicaid reimbursement.

The defendants again sought appellate review but while the appeal was pending Congress repealed, retroactively, subdivision (g) of section 1396a of title 42 of the United States Code (a provision requiring States participating in the Federal Medicaid program to waive their immunity to suit in Federal courts with respect to certain claims made by hospital providers of services) and the Court of Appeals again remanded the matter to the District Court, this time for a consideration of the effect of the repealing legislation on its judgment (*Hospital Assn. of N. Y. State v Toia,* 554 F2d 12). The District Court concluded that "(1) the judgment of August 2nd, 1976 insofar as it grants monetary relief against the State of New York, must be vacated and (2) the State defendants' motion to dismiss plaintiffs' claims for monetary relief against the State must be granted" (*Hospital Assn. of N. Y. State v Toia,* 435 F Supp 819, 821-822). By order dated September 19, 1977 (amending an order dated August 15, 1977), the District Court directed the plaintiffs to refund those funds paid to them pursuant to the "order" of August 2, 1976, the refund to be accomplished by means of adjustments in future Medicaid payments made to plaintiffs by local social services districts.

The Court of Appeals affirmed *Hospital Assn. of N. Y. State v Toia,* 577 F2d 790), holding that Congress' repeal of the legislation requiring a State to waive its Eleventh Amendment immunity and to consent to suit against it in order to receive Medicaid funds had a retroactive nullifying effect. Although the court noted that the hospitals still had recourse to the State courts and to HEW administrative proceedings notwithstanding congressional removal of their ability to seek redress in Federal court, the hospitals' argument that they should be spared the necessity of complying with the District Court's restitution order was rejected. The decision contained a directive to the District Court as follows (*supra,* p 798): "The district court will retain jurisdiction to enforce its order dated August 15, 1977, providing for restoration to the State of

funds received by the hospitals pursuant to the court's earlier orders."

Plaintiffs then commenced the instant action in the Supreme Court, Queens County, seeking a declaratory judgment and preliminary and permanent injunctive relief. The defendants' motion to dismiss was granted upon the grounds that the court lacked jurisdiction to grant the relief requested pursuant to principles of full faith and credit and that money damages against the State must be sought in the Court of Claims.

The plaintiffs appeal the dismissal.

The complaint asserts four causes of action. In the first, third and fourth the plaintiffs seek a declaration that defendants' attempt to recoup sums paid pursuant to the District Court's judgment of August 2, 1976 and the order of November 5, 1976 violates the Medicaid Act, clause 2 of article VI of the United States Constitution (the supremacy clause), section 1 of article IV of the United States Constitution (full faith and credit), and principles of *res judicata* under State law. The second cause of action seeks a declaration that the defendants' attempt to apply the rates promulgated on July 1, 1976, or those subsequently approved by HEW, retroactively to January 1, 1976 deprives the plaintiffs of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and impairs their contract rights in violation of section 10 of article I of the United States Constitution. In the wherefore clause plaintiffs seek not only declaratory relief, but a preliminary and permanent injunction enjoining the defendants from taking any action to recover the sums paid to them under the vacated judgment and order.

In our opinion the instant action seeks only equitable relief and thus the Supreme Court, not the Court of Claims, has jurisdiction over the subject matter (see *Matter of Kaye v Whalen,* 56 AD2d 111, affd 44 NY2d 754; *Matter of St. Luke's Hosp. Center v Ingraham,* 52 AD2d 181, 186, affd 43 NY2d 771; *Matter of Severino v Ingraham,* 45 AD2d 564, 565; *Matter of Silverman v Comptroller of State of N. Y.,* 40 AD2d 225, 226; *Saso v State of New York,* 20 Misc 2d 826, 830). Therefore, Special Term erred in holding to the contrary. However, we agree with Special Term insofar as it held that it lacked the power to make a declaration that "Defendants' attempt to recoup sums paid pursuant to the judgment of

August 2, 1976" is in any way illegal as pleaded in the first, third and fourth causes of action or to grant the injunctive relief requested.

The *res judicata* effect to be given those portions of the judgment and order which were not vacated by the District Court's order of September 19, 1977 is not before the court on this motion and that issue is distinct from the *res judicata* effect to be given the restitution order. To declare enforcement of the latter order illegal would clearly constitute a collateral attack upon it, thus violating the full faith and credit clause of the Federal Constitution *(City of Tacoma v Taxpayers,* 357 US 320; *Stoll v Gottlieb,* 305 US 165, reh den 305 US 675; *Saxl v Roberts,* 37 AD2d 932).

Nor has the State court power to enjoin enforcement of the restitution order. Plaintiffs' argument that an injunction would merely serve to preserve the fund for the purpose of a setoff might be persuasive if the Federal order had been reduced to judgment and docketed in the office of a county clerk in this State (see CPLR 5018, subd [b]; Fed Rules Civ Pro, US Code, tit 28, rule 69, subd [a]). Actions in equity to set off one judgment against another are maintainable (see, e.g., *Beecher v Vogt Mfg. CO.,* 227 NY 468; *Reisman v Independence Realty Corp.,* 195 Misc 260, affd 277 App Div 1020) and the right to a setoff is recognized even where the judgment sought to be reduced is a judgment of a Federal court *(Keon v Saxton & Co.,* 257 NY 412; *Wandschneider v Bekeny,* 75 Misc 2d 32). Nevertheless, a State court has no power to enjoin process of a United States court to give effect to its judgment *(Supervisors v Durant,* 9 Wall [76 US] 736; see *Central Nat. Bank v Stevens,* 169 US 432), and it has no power to bar litigants from filing and prosecuting in personam actions in Federal court regardless of whether Federal litigation is pending or prospective *(General Atomic Co. v Felter,* 434 US 12) or whether the restraint is directed at the litigants rather than at the Federal court itself *(Donovan v City of Dallas,* 377 US 408). Here, the Federal order in issue has not been reduced to a State judgment and the District Court has retained jurisdiction to enforce its restitution order. To this extent, the action is still pending and the judgment-setoff cases relied upon by the plaintiffs are simply inapposite.

Those portions of the complaint seeking a judgment declaring the invalidity of defendants' attempt to enforce the Federal restitution order (the first, third and fourth causes of

action) must be dismissed, together with those portions of the wherefore clause which seek injunctive relief. The second cause of action, which seeks a declaration that defendants may not retroactively apply the approved 1976 reimbursement rates, may stand. As a consequence, the order appealed from should be modified accordingly.

MOLLEN, P. J., DAMIANI and SUOZZI, JJ., concur.

Order of the Supreme Court, Queens County, dated October 13, 1978, modified, on the law, by (1) adding to the first decretal paragraph thereof, immediately after the word "granted", the following: "as to the first, third and fourth causes of action but is denied as to the second cause of action" and (2) deleting the second decretal paragraph thereof and substituting therefor provisions (a) dismissing the first, third and fourth causes of action of the complaint and (b) striking those portions of the wherefore clause which seek injunctive relief. As so modified, order affirmed, without costs or disbursements.