In re TEXAS TURN–KEY
OPERATORS, INC.,
Debtor.

Michael R. BAXTER, Individually, and on Behalf of Certain Underwriters At Lloyds, London, and Other Underwriters and Insurers Who May Be At Risk With Respect to Lester Eckert and Company's Certificates or Cover Notes of AFE Insurance 1069A and 1069A (Amended) Issued to Texas Turn-Key Operators, Inc., Plaintiff in Interpleader,

v.

TEXAS TURN–KEY OPERATORS, INC., Spring Woods Bank and James P. Corcoran, Superintendent of Insurance of the State of New York, As Liquidator for Northumberland General Insurance Company (United States Branch), and Northumberland General Insurance Company (United States Branch), In Liquidation, Defendants in Interpleader.

Bankruptcy No. 85–05049–H3–5.
Adv. No. 86–2075–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Dec. 11, 1986.

Michael Rosenthal, Rosenthal & Rosenthal, Houston, Tex., for debtor.

Philip P. Sudan, Ryan & Shosa, Houston, Tex., for defendants in interpleader.

Theodore G. Demitry, Vinson & Elkins, Houston, Tex., for plaintiff in interpleader.

## ORDER DENYING MOTION TO DISMISS

LETITIA Z. TAITTE, Bankruptcy Judge.

Came on for consideration on October 17, 1986, the Motion to Dismiss of James P. Corcoran, Superintendent of the Insurance of the State of New York (Superintendent), and after considering the memoranda of authority and the argument of counsel the Court enters the following Order:

> This adversary proceeding in the nature of interpleader was filed by Michael Baxter, individually and on behalf of various underwriters at Lloyd's of London. The Complaint for interpleader requests the Court to determine the rights of conflicting claimants to the proceeds of certain Certificates or Cover Notes of AFE Insurance issued by Lester Eckert and Company.

### I. *Facts*

On October 24, 1983, Lester Eckert and Company issued two Cover Notes providing binding AFE Insurance coverage for the benefit of Texas Turn-Key Operators, Inc. ("TTKO"), Debtor. The AFE Insurance provided specific coverage for damages suffered in the drilling of oil and gas wells. The AFE Insurance was divided into Primary and Excess layers of coverage with Cover Notes 1069A and 1069A Amended evidencing the Primary layer and 1069B evidencing the Excess layer.

On February 19, 1985, both the Primary layer and the Excess layer AFE insurers filed a declaratory judgment action in the United States District Court of the Southern District of Texas, bearing No. H–85–810, styled *Northumberland General Insurance Co. and Michael R. Baxter v. Texas Turn-Key Operators, Inc.* A separate state court action was filed by TTKO on April 17, 1985, in the 268th Judicial District Court of Fort Bend County, Texas, bearing cause No. 49,958, styled *Texas Turn-Key Operators, Inc. v. Lester Eckert and Company, et al.*

On June 20, 1985, the AFE underwriters and TTKO entered into a settlement and resolution of all claims made by TTKO for the total sum of $6,000,000.00, of which $5,000,000.00 was to be paid by Primary layer AFE underwriters and $1,000,000.00 was to be paid by Excess layer AFE underwriters. Under the settlement Northumberland was obligated to pay its proportionate share of the Primary layer's $5,000,000.00 obligation to TTKO.

On July 31, 1985, Northumberland was placed in liquidation under the control of the New York State Insurance Board. As a result Northumberland failed to pay its share of the settlement monies. Such share was in the amount of $1,666,500.00.

On August 20, 1985, an involuntary Chapter 11 petition was filed by creditors of TTKO. An order for relief was entered against TTKO on November 22, 1985. Af-

ter entry of the Order for relief, TTKO agreed to settle its claims versus the interpleader claimants for the sum of $3,333,500.00. This settlement was approved by United States Bankruptcy Judge Edward J. Ryan on March 13, 1986. On March 25, 1986, the sum of $3,333,500.00 was deposited into the registry of the Bankruptcy Court of the Southern District of Texas pursuant to his Order.

## II. *Discussion*

The Superintendent's Memorandum of Authority states two theories supporting the Motion to Dismiss. First, the Order of Liquidation entered against Northumberland calls for:

1) The taking of the United States property of Northumberland by the Superintendent.

2) The liquidation of Northumberland in accordance with New York State Insurance Law.

3) The restraining of all persons having claims against Northumberland from bringing or further prosecuting any action against Northumberland or the Superintendent; and

4) The restraining of all persons from performing any act which might allow the obtaining of judgment against Northumberland.

The Superintendent maintains that the Order of Liquidation should be given full faith and credit by the Bankruptcy Court thereby making dismissal the proper course to follow.

Second, the Superintendent alleges that this Court should abstain in the interests of justice, and in the interest of comity with state courts pursuant to 28 U.S.C. § 1334(c)(1). Superintendent alleges that to prevent duplicative litigation in state and federal forums, to enable all claims to be consolidated in one form, and to promote the policy of leaving the regulation of insurance matters to the states this Court should abstain and dismiss the interpleader action.

## A. *Effect of the Order of Liquidation*

■ This Court concludes that the first argument in support of dismissal lacks merit. It is well-settled under federal and New York state law that a state court is without power to restrain an *in personam* action before a federal court where the federal court has jurisdiction over the parties and the subject matter. *Donovan v. City of Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964); *General Atomic Co. v. Felter*, 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977); *Beardslee v. Ingraham*, 183 N.Y. 411, 76 N.E. 476 (N.Y. 1906); *Jamaica Hospital v. Blum*, 416 N.Y.S.2d 294, 68 A.D.2d 1 (N.Y.App.Div. 1979); *Thompson v. Samson United Corp.*, 113 N.Y.S.2d 607, 203 Misc. 48 (N.Y. App.Div.1952) holding that federal bankruptcy power is paramount because it was exercised by Congress to exclude every competing proceeding in state or federal tribunals.

Furthermore, where the federal court is the first to acquire jurisdiction over the *res*, the state court is precluded from exercising its jurisdiction over the same *res* to impair the federal court's jurisdiction. *Kline v. Burke Construction Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922). Jurisdiction of the *res* is obtained when a court of competent jurisdiction has taken possession of the property through its officers. *Lion Bonding and Surety Co. v. Karatz*, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871 (1923).

Although the New York liquidation proceeding was commenced prior to the bankruptcy filing of TTKO, the interpled funds were taken into the possession of this Court by Order of Judge Ryan, dated March 25, 1986. Accordingly, exclusive jurisdiction of the *res* is in the Bankruptcy Court.

## B. *28 U.S.C. § 1334(c)(1)*

Section 1334(c)(1) of Title 28 of the United States Code is commonly referred to as the permissive abstention provision. Section 1334(c)(1) provides:

"[n]othing in this section prevents a district court in the interest of justice, or in

the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11."

In support of its abstention argument the Superintendent alleges that (1) the regulation of insurers is within the exclusive province of state law, and (2) the State of New York has a comprehensive regulatory scheme governing insurers. Superintendent cites *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) for the proposition that a federal court should not intervene in an area already occupied by a complex state regulatory practice. The Superintendent notes that the *Burford* abstention doctrine has been applied in the area of state regulation of insurance. *See Matthias v. Lennon*, 474 F.Supp. 949 (S.D. N.Y.1979); *Metropolitan Life Insurance Co. v. Board of Directors of Wisconsin Insurance Security Fund*, 572 F.Supp. 460 (W.D.Wisc.1983).

■ This Court concludes that abstention is not proper in this matter for the following reasons. First, the *Burford* abstention doctrine was created to permit federal courts to defer to state courts in matters related to a predominant state interest. *Matthias, supra* at 955 and *Metropolitan Life, supra* at 473. In the case at bar there is no New York state complex regulatory scheme in question. The primary issue to be resolved is whether the interpled funds are proceeds of direct insurance or of re-insurance. This issue is one of Texas state contract and agency law, wholly unrelated to New York insurance liquidation law. The events giving rise to this dispute occurred in Texas. The Cover Notes were issued by a Texas broker in Texas, and Debtor is a Texas corporation with its principal place of business in Texas.

Second, abstention could result in two conflicting state court decisions. Presently, there is a liquidation proceeding pending in New York State Liquidation Court and TTKO has sued insurers in Texas state court basing its claim on the argument of direct insurance. A judgment by the Texas state court in Fort Bend County, Texas, that insurers are responsible to TTKO as direct insurers may not be given full faith and credit in the New York Liquidation Court. Similarly, a decision rendered by the New York Liquidation Court may not be accorded full faith and credit by the Texas state court.

Third, the Bankruptcy Court at the moment has jurisdiction over the *res* and over all the parties to the Interpleader action. *See* 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Bankruptcy Court can conduct a single trial binding upon all claimants.

Accordingly, it is appropriate that the one court with jurisdiction over all parties and over the monies in question render a decision which will be binding on all the claimants. It is therefore:

ORDERED that the Motion to Dismiss of James P. Corcoran, Superintendent of Insurance of the State of New York, is denied. All parties are to bear their own costs.