■ JOHN SCIANNA et al., Appellants, v DIANE SCIANNA, Respondent. [613 NYS2d 679] —In a matrimonial action in which a judgment was entered in favor of the plaintiffs and against the defendant in the principal sum of $36,115.69, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), entered December 8, 1992, which denied their motion pursuant to CPLR 5021 (a) (2) for a satisfaction of two judgments that were previously entered in favor of the defendant and against the plaintiff John Scianna and for a partial satisfaction of the aforementioned judgment that was entered in their favor.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is granted.

Contrary to the trial court's determination, the present action does not involve a situation such as the one presented in *Piranesi Imports v Furniture Textiles & Wallcoverings* (31 AD2d 742). In the present case, the husband's claim has been reduced to a final judgment demonstrating the existence of the wife's indebtedness *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5021.05). "[T]he authority to set off one judgment against another is ancient and well established under principles of common law as an inherent power of the court" (47 Am Jur 2d, Judgments, § 1000, at 95; § 1002, at 96; 49 CJS, Judgments, § 566 [c]). In *Neenan v Woodside Astoria Transp. Co.* (261 NY 159, 163), the Court of Appeals noted: "To set off one judgment against another by motion is a procedure recognized by the text books and the authorities. The satisfaction of a judgment may be wholly or partially produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor or, in other

·words, by setting off one judgment against another. This is usually brought about by a motion in behalf of the party who desires to have his judgment credited upon, or set off against, a judgment against him. The court in a proper case will grant the motion."

This power is not limited to situations in which the setoff is sought to be applied to judgments rendered between the parties in different actions or courts (see, *Jamaica Hosp. v Blum,* 68 AD2d 1, 6).

Based upon the above long-standing equitable principles, we hold that the judgment in favor of the plaintiffs and against the defendant in the principal sum of $36,115.69 satisfies, in their entirety, the two judgments in favor of the defendant and against the plaintiff John Scianna and that those two judgments partially satisfy the judgment in favor of the plaintiffs.

We have examined the defendant's remaining contentions and find them to be without merit (see, CPLR 5525 [b]). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.