■ JOSEPH KALI CORP. et al., Respondents, v A. GOLDNER, INC., et al., Defendants, and 19 WEST 36TH STREET HOLDING CORP., Appellant. [859 NYS2d 1]—

Plaintiff Dorani was, at all relevant times, the tenant of commercial space at a building owned by defendant Holding Corp., and plaintiff Kali used these premises to engage in the sale and manufacture of women's clothing and accessories. Although Joseph Kalimian was the sole shareholder and principal of both Dorani and Kali, the two were still individual corporate entities that kept separate bank accounts and filed separate tax returns, notwithstanding that Dorani's only business was to act as a leaseholder. After a flood at the store caused by a leak in the sprinkler system, damaging the inventory, this action was commenced in 2003, alleging negligence and breach of contract. Thereafter, Holding Corp. instituted a summary holdover proceeding against Dorani in Civil Court, New York County. By stipulation of settlement in 2005, Dorani consented to surrender the premises and to entry of a money judgment, representing the amount of unpaid rent, which judgment remains unpaid.

Nearly a year later, Kali won a jury verdict against Holding Corp. with respect to the water damage to its merchandise, and attempted to enforce that judgment. Holding Corp. moved to enjoin Kali from executing the judgment and to set off Dorani's unpaid judgment against the amount Holding Corp. owed to Kali, arguing that Dorani was not a legally viable entity and was merely the alter ego for Kali. Holding Corp. now appeals the denial of that motion.

Although a court possesses inherent authority to set one judgment off against another (*see Scianna v Scianna*, 205 AD2d 750 [1994]), the fact remains that Kali and Dorani are distinct corporate entities, and Kali was the only party that suffered water damage to its merchandise. Nevertheless, Holding Corp. proposes to pierce the corporate veil between the two companies on the ground that they have the same principal who is the owner of both. Even though the motive may be to prevent fraud or achieve equity, "[t]hose seeking to pierce a corporate veil . . . bear a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences" (*TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]).

Holding Corp. obtained its judgment against Dorani almost a year before the start of the trial over the water damage to Kali's stock, and it never raised the question of any offset at those

proceedings. Moreover, an inference of abuse of the corporate structure ordinarily "does not arise . . . where a corporation was formed for legal purposes or is engaged in legitimate business" (*id.* at 339-340). There is no indication that Dorani was created for an improper purpose (*see 210 E. 86th St. Corp. v Grasso*, 305 AD2d 156 [2003]). Indeed, Holding Corp. never offered any evidence that Dorani, much less Kali, engaged in any fraudulent or otherwise improper conduct as might warrant piercing the corporate veil at this late stage of the litigation. Concur—Lippman, P.J., Gonzalez, Sweeny and Catterson, JJ.