■ A1 ENTERTAINMENT LLC, Appellant-Respondent, v 27TH STREET PROPERTY LLC et al., Respondents-Appellants. [875 NYS2d 463]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered August 21, 2008, which denied plaintiff's motion for a preliminary injunction, granted that portion of defendants' cross motion seeking dismissal of the complaint and denied that portion of the cross motion seeking the imposition of sanctions, unanimously modified, on the law, to declare that there was no merger of estates between defendants 27th Street Property LLC (Property) and 27th Street Lessee LLC (Lessee), and otherwise affirmed, with costs in favor of defendants.

To obtain a preliminary injunction, plaintiff was required to demonstrate a likelihood of ultimate success on the merits, irreparable injury absent provisional relief, and a balancing of the equities in its favor. Although irreparable injury is presumed since plaintiff's commercial lease has been terminated, plaintiff failed to demonstrate a likelihood that it will succeed in proving that it was not aware of the termination provision contained in the overlease. Plaintiff's claim of a merger of estates is reliant on the premise that Property and Lessee are alter egos of each other, such that piercing the corporate veil is warranted. Plaintiff, however, has failed to make the requisite showing of domination of either entity which was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences (*see Joseph Kali Corp. v A. Goldner, Inc.*, 49 AD3d 397, 398 [2008]). Dismissal of the cause of action for a declaration required that the court make some declaration in favor of defendants, and we modify accordingly (*Decana Inc. v Contogouris*, 55 AD3d 325, 326 [2008]). Absent a showing that a preliminary injunction is warranted, the remaining issues are com-

mon landlord tenant issues which were properly dismissed since they should be litigated in Civil Court (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28 [1984]; *Cox v J.D. Realty Assoc.*, 217 AD2d 179, 181 [1995]).

The court providently exercised its discretion in declining to impose sanctions on plaintiff for its questionable conduct in this litigation. Concur—Friedman, J.P., Nardelli, Catterson and DeGrasse, JJ.