■ In the Matter of 18 St. Marks Place Trident LLC, Appellant, v State of New York Division of Housing and Community Renewal, Office of Rent Administration, Respondent. [50 NYS3d 273]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 19, 2016, which denied the CPLR article 78 petition seeking to, among other things, vacate respondent's determination dated March 14, 2016, which affirmed a rent administrator's order finding that an apartment owned by petitioner was not eligible for deregulation and awarding the tenant an overcharge, unanimously reversed, on the law and the facts, without costs, the petition granted, the rent administrator's order reversed, the overcharge annulled, and it is declared that the legal regulated rent for the apartment is

$2,035.13 per month and that the apartment is not subject to rent stabilization.

Respondent's determination allowing charges for installation of new drywall and flooring, but disallowing expenses related to finishing the new surfaces, was irrational (*see Matter of West Vil. Assoc. v Division of Hous. & Community Renewal*, 277 AD2d 111, 112 [1st Dept 2000]). Here, the invoice listed the costs for painting and floor finishing of the entire apartment relative to the installation of the new floors and new walls in an easily discernible manner. The invoice submitted by petitioner reflected a charge of $1,680 for painting 1,750 square feet of interior surfaces. It also showed that 1,200 square feet of new drywall was installed. Thus, 68.57% of the total painting charge, or $1,151.98, was attributable to the new drywall, and that charge should have been allowed.

Similarly, respondent allowed charges for 144 square feet of new, unfinished wood flooring. Since the charge for finishing 675 square feet of wood flooring was $1,809, 21.33% of the total cost was attributable to the new flooring, or $385.92, which should have been allowed.

Thus, the total costs of improving the apartment after the 2008 vacancy should have been $22,733.50, 1/40th of which petitioner was allowed to pass on to the tenant (*see* 9 NYCRR 2522.4 [a] [4]). Accordingly, based on the formula used by respondent, the legal regulated rent for the apartment is $2,035.13 per month ($1,264.48 for rent prior to the vacancy, plus $202.31 for the vacancy increase, plus $568.34 for improvements), which is above the $2,000 threshold for deregulation (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504.2 [a]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.