OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, with $25 costs.
In July 2012, plaintiff (the provider) commenced this action to recover assigned first-party no-fault benefits for medical services rendered to its assignor, who had allegedly been injured in a motor vehicle accident that had occurred on August 8, 2011. Defendant (the insurer) failed to timely answer or appear in this action, and instead commenced a declaratory judgment action in the Supreme Court, New York County, against the provider, among others, seeking a declaration that the defendants in that action were not entitled to recover no-fault benefits arising out of the August 8, 2011 motor vehicle accident.
After the insurer defaulted in the instant action, the provider moved for leave to enter a default judgment against the insurer. The Civil Court granted the motion, and a default judgment in the principal sum of $475 was entered against the insurer on March 6, 2013.* In July 2013, the insurer moved to vacate the default judgment and to compel the provider to accept its late *19 answer. The provider opposed the motion and cross-moved for “summary judgment.” The insurer did not oppose the cross motion. By order entered July 16, 2014, the Civil Court (Devin P. Cohen, J.) denied the insurer’s motion and granted, on default, the provider’s cross motion, stating that “the judgment stands.”
On July 28, 2014, the insurer moved for “summary judgment” dismissing the complaint, contending that the amount due and owing pursuant to the Civil Court judgment had been satisfied, as an order and judgment in the Supreme Court declaratory action had been entered in the insurer’s favor on July 14, 2014, declaring that the provider, among others, was not entitled to recover no-fault benefits with respect to the motor vehicle accident at issue. The order and judgment further provided that the insurer recover from the various named defendants therein, including the provider, “costs and disbursements as taxed by the Clerk in the sum of $1,125.” The insurer alleged, in its motion papers, that the judgment in this action had been fully satisfied by virtue of a “partial satisfaction,” resulting from the judgment entered in the Supreme Court declaratory judgment action. Annexed to the motion papers was a document entitled “Partial Satisfaction of Judgment” which had been executed by the insurer’s counsel on July 28, 2014, and which bore the caption of the Supreme Court action. In the alternative, the insurer’s motion sought a “satisfaction of any entered judgment” in the Civil Court, pursuant to CPLR 5020 (c). The provider opposed the insurer’s motion. By order entered April 23, 2015, from which the insurer appeals, the Civil Court denied the insurer’s motion. We affirm.
We initially note that the branch of the insurer’s motion seeking “summary judgment” was inappropriate because a judgment had already been entered against the insurer. However, the insurer also sought, in the alternative, a “satisfaction of any entered judgment” in the Civil Court, based on the judgment in favor of the insurer in the Supreme Court declaratory judgment action. Although reference was made to CPLR 5020 (c) in support of this branch of the insurer’s motion, this provision has no applicability to the circumstances herein. If the insurer was actually seeking the entry of a satisfaction of judgment, the proper way to seek such relief would be by way of a motion pursuant to CPLR 5021 (a) (2). However, in support of its. motion, the insurer did not demonstrate that it had filed a partial satisfaction of judgment in the Supreme Court action, in accordance with CPLR 5020 (a). Consequently, *20 insofar as the insurer’s motion sought the entry of a satisfaction of judgment in the Civil Court action, such relief was properly denied by the Civil Court.
Notwithstanding the foregoing, it was apparently the insurer’s objective to have a portion of the judgment in the Supreme Court declaratory judgment action fully offset the judgment obtained against it in the Civil Court action. While a court may exercise its “inherent authority to set one judgment off against another” (see Joseph Kali Corp. v A. Goldner, Inc., 49 AD3d 397, 398 [2008]; see also Scianna v Scianna, 205 AD2d 750 [1994]), the granting of such relief rests in the discretion of the court (see Beecher v Vogt Mfg. Co., 227 NY 468, 473 [1920]; Kretsch v Denofrio, 137 App Div 617, 619 [1910]). Assuming, without deciding, that the Civil Court possessed the jurisdiction to entertain such an application (cf. Stilwell v Carpenter, 62 NY 639 [1875]), the Civil Court’s determination not to set off the judgments was not an improvident exercise of discretion.
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.

 The record indicates that an amended judgment in the principal sum of $475 (and in the aggregate sum of $939.90) was entered on August 15, 2014.