KRISTIN BREEN, Appellant, v 330 EAST 50TH PARTNERS, L.P., et al., Respondents. [61 NYS3d 902]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered June 14, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion for partial summary judgment dismissing the causes of action for declaratory relief, injunctive relief, and rent overcharge, unanimously modified, on the law, to declare that the subject apartment is not rent-stabilized, and otherwise affirmed, without costs.

The motion court correctly dismissed the rent overcharge claim, as plaintiff did not meet her burden of coming forward with any indicia of fraud to warrant looking beyond the limitations period for an improper increase in rent (*see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358 [2010]; *Matter of Boyd v New York State Div. of Hous. & Community Renewal*, 23 NY3d 999 [2014]). Neither the sizeable increase in the apartment rent between 1990 and 1991, based in part on apartment improvements, nor plaintiff's mere skepticism about the quality or extent of those improvements, were sufficient to establish a colorable claim of fraud (*Grimm*, 15 NY3d at 367; *Taylor v 72A Realty Assoc., L.P.*, 151 AD3d 95, 104 [1st Dept 2017]).

The motion correctly determined that plaintiff's apartment is not rent-stabilized and that she is not entitled to a rent-stabilized lease. Even if the 1990 to 1991 rent increases for improvements were disregarded, and only renewal and vacancy increases applied, defendants demonstrated that the rent would have reached the deregulation threshold by the time plaintiff leased the apartment (*see Matter of 18 St. Marks Place Trident LLC v State of New York Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 149 AD3d 574, 575 [1st Dept 2017]).

We modify only to issue a declaration in favor of defendants (*see A1 Entertainment LLC v 27th St. Prop. LLC*, 60 AD3d 516, 516 [1st Dept 2009]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Andrias, Gische and Moulton, JJ.