■ In the Matter of COB 3420 Broadway, LLC, Appellant, v Darryl C. Towns et al., Respondents, and Sixto Merino, Respondent. [65 NYS3d 703]—

Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered May 20, 2016, denying the petition to annul the determination of respondent New York State Homes and Community Renewal (DHCR), dated August 13, 2015, that a rent overcharge occurred, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition granted, and the determination annulled.

DHCR's finding of a rent overcharge was based on its incorrect determination that respondent Merino's apartment was rent stabilized. Upon vacancy of the apartment by the previous rent controlled tenant, the rent reached the $2,000 deregulation threshold due to a combination of vacancy and individual apartment improvement increases that were not challenged (see Matter of 18 St. Marks Place Trident LLC v State of New York Div. of Hous. & Community Renewal, Off. of Rent Admin., 149 AD3d 574 [1st Dept 2017]; but see Altman v 285 W. Fourth, LLC, 127 AD3d 654 [1st Dept 2015]). Thus, the apartment qualified for exemption from rent stabilization, regardless of whether Merino was actually charged and paid a monthly rent that was less than the deregulation threshold (Rent Stabilization Code [9 NYCRR] former § 2520.11 [r] [8] [i], now § 2520.11 [r] [10] [i]). Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.