<partyblock>

Jeanette Spatz, Petitioner-Landlord-Respondent,  

against

Debbie Valle, Respondent-Tenant-Appellant, and "John Doe," Respondent-Undertenant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Heela D. Capell, J.), dated July 11, 2018, which denied her motion for leave to conduct discovery in a holdover summary proceeding and granted landlord's cross motion to dismiss tenant's rent overcharge counterclaim pursuant to CPLR 3211(1)(7).

Per Curiam.

Order (Heela D. Capell, J.), dated July 11, 2018, affirmed, with $10 costs.

Civil Court properly granted the motion to dismiss the rent overcharge counterclaim pursuant to CPLR 3211(a)(7). Assuming for purposes of this motion that the apartment is subject to rent stabilization, the rent charged on the July 2013 base date is the legal rent (see Rent Stabilization Code [9 NYCRR]  2520.6[e], [f][1]; 2526.1[a][3][i]). Tenant, who had resided in the apartment since before the base date, failed to set forth sufficient indicia of fraud to warrant consideration of the rental history of the apartment beyond the four-year statutory period (see Matter of Boyd v New York State Div. of Hous. & Community Renewal, 23 NY3d 999 [2014]). The increase in the rent prior to the look-back period, based upon a certain 2004 vacancy increase allowance and an MCI increase, that tenant now claims was unauthorized, does not establish a colorable claim of fraud (see Matter of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]; Breen v 330 East 50th Partners, L.P., 154 AD3d 583 [2017]). Since there are no allegations that any subsequent increases in the base date rent were unlawful, the overcharge counterclaim, as framed, was properly dismissed pursuant to CPLR 3211(a)(7), which "is not a dismissal on the merits" (Canzona v Atansio, 118 AD3d 837, 840-841 [2014]).

Nor is tenant entitled to discovery on this record. A mere allegation of fraud, alone, is insufficient to justify any further discovery (Conason v Megan Holding, LLC, 25 NY3d 1, 16 [*2][2015], citing Matter of Grimm, 15 NY3d at 367; see Taylor v 72A Realty Assoc., L.P., 151 AD3d 95, 103-104 [2017]).

We have considered tenant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 02, 2019

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>