3505 BWAY Owner LLC v McNeely (2021 NY Slip Op 21118)

3505 BWAY Owner LLC v McNeely

2021 NY Slip Op 21118 [72 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 28, 2021

[*1]

3505 BWAY Owner LLC, Respondent,
v
Amy-Beth McNeely, Appellant.

Supreme Court, Appellate Term, First Department, April 27, 2021

APPEARANCES OF COUNSEL

Fishmanlaw Group PLLC, New York City (Ellery Ireland of counsel), for appellant.
Cullen & Associates, P.C., New York City (Kevin D. Cullen of counsel), for respondent.

{**72 Misc 3d at 2} OPINION OF THE COURT

Per Curiam.

Order (Heela D. Capell, J.), dated January 27, 2020, affirmed, with $10 costs.
Respondent tenant Amy-Beth McNeely, the first tenant in occupancy following the vacatur of the rent-controlled tenant, executed a September 2009 unregulated lease agreement for the{**72 Misc 3d at 3} subject apartment that set forth a rent of $2,000 per month. Tenant also executed a "Deregulation Rider for First Unregulated Tenant," a form indicating that the subject apartment is "not regulated under rent control or rent stabilization." Shortly thereafter, the predecessor owner filed a "Report of Vacancy Decontrol" in November 2009 and an initial apartment registration form (RR-1), stating that the apartment is "exempt" from rent regulation, because of high rent vacancy deregulation.
Landlord commenced this holdover proceeding in January 2019 alleging that tenant's unregulated lease agreement expired by its terms and that she has no right to continued occupancy. Tenant's fifth affirmative defense alleges that the apartment was "illegally deregulated" and that she is a rent-stabilized tenant entitled to a lease renewal. We sustain Civil Court's order striking this affirmative defense.
Ordinarily, when a rent-controlled apartment is vacated, it becomes subject to rent stabilization (see Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 113 [2017], lv dismissed 30 NY3d 961 [2017]), and "the initial legal regulated rent shall be the rent agreed to by the owner and the tenant and reserved in a lease . . . subject to a tenant's right to a Fair Market Rent Appeal to adjust such rent" (Rent Stabilization Code [RSC] [9 NYCRR] § 2521.1 [a] [1]). The initial rent is then registered and the owner serves the tenant with a RR-1 notice, triggering the tenant's right to challenge the initial rent by filing a fair market rent appeal (FMRA) (see Matter of Park, 150 AD3d at 113). Upon service of the RR-1 notice, the tenant must file a FMRA within 90 days.
If the RR-1 notice is not served upon the tenant, then the FMRA must be filed no later than four years after decontrol of the rent-controlled apartment (see RSC § 2522.3). "Under certain circumstances that right may pass on to the next tenant to occupy the apartment, if there is improper notice to the first tenant, or there is evidence that the purported 'notice' may have been fraudulent" (Matter of Park, 150 AD3d at 114 [citations omitted]).
The law in effect during the relevant period provided that when the first tenant after the vacancy of the rent-controlled tenant is charged a rent at or above the rent stabilization deregulation threshold, the apartment is exempt from all forms of rent regulation (see Matter of COB 3420 Broadway, LLC v Towns, 156 AD3d 577 [2017]; DHCR Fact Sheet No. 6, Fair Market Rent Appeals [2020]).{**72 Misc 3d at 4}
Here, while the prior landlord filed the RR-1 notice at the Division of Housing and Community Renewal (DHCR), there is no proof in this record that the RR-1 was served on the tenant. Thus, the tenant was subject to the four-year rule to file a FMRA. The tenant failed to file a FMRA within the four-year period, and did not assert any of the circumstances set forth in Matter of Park (150 AD3d at 114). Based upon the agreed rent of $2,000 set forth in tenant's initial September 2009 lease, which tenant never challenged in a fair market rent appeal (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-513 [b]), and therefore became the lawful rent (see Matter of Verbalis v New York State Div. of Hous. & Community Renewal, 1 AD3d 101, 102-103 [2003]), the apartment became exempt from rent stabilization (see Matter of COB 3420 Broadway, LLC v Towns, 156 AD3d 577 [2017]).
That landlord subsequently mistakenly registered the apartment as stabilized does not warrant a contrary result (see Cvek 446 E. 88th St. LLC v Fish, 67 Misc 3d 137[A], 2020 NY Slip Op 50602[U] [App Term, 1st Dept 2020]). Rent stabilization coverage is a matter of statutory right and cannot be created by waiver or estoppel (see 546 W. 156th St. HDFC v Smalls, 43 AD3d 7 [2007]).
In any event, the tenant's fifth affirmative defense is a disguised attempt to obtain a FMRA, which is inextricably intertwined with the regulatory status of the subject apartment and is within the exclusive jurisdiction of the DHCR.
McShan, J.P., Brigantti and Hagler, JJ., concur.