Ampim v 160 E. 48th St. Owner II LLC (2022 NY Slip Op 05263)

Ampim v 160 E. 48th St. Owner II LLC

2022 NY Slip Op 05263

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Index No. 154979/17 Appeal No. 16253 Case No. 2021-03412 

[*1]Kofi Ampim, et al., Plaintiffs, Adam Weinstein, Plaintiff-Appellant,
v
160 East 48th Street Owner II LLC, Defendant-Respondent.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Kucker Marino Winiarsky & Bittens, LLP, New York (Vladimir Favilukis of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.) entered August 17, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment declaring the apartment to be subject to rent stabilization, and for overcharge damages and attorneys' fees, unanimously affirmed, without costs.
The motion court properly denied plaintiff's motion for summary judgment on the record before it. Contrary to plaintiff's contention, an increase in rent and failure to register the apartment with the Division of Housing and Community Renewal (DHCR), standing alone, are insufficient to establish a colorable claim of a fraudulent scheme to deregulate the apartment (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010] ["Generally, an increase in the rent alone will not be sufficient to establish a 'colorable claim of fraud,' and a mere allegation of fraud alone, without more, will not be sufficient to require DHCR to inquire further"]). This case differs from recent decisions relating to the failure to register apartments in buildings for which the owner is receiving J-51 benefits, in which the owners affirmatively misrepresented the rent-stabilized status of the apartment and the legal regulated rent (Casey v Whitehouse Estates, Inc., 197 AD3d 401, 403 [1st Dept 2021]). The Court of Appeals has held that under the J-51 program, apartments remained subject to rent stabilization irrespective of whether the legal regulated rents exceeded the now-repealed high rent vacancy deregulation threshold under Rent Stabilization Law ("RSL" [Administrative Code of City of NY]) § 26-504.2 (Roberts v Tishman Speyer Props., L.P., 13 NY3d 270 [2009]). Thus, the owners in such cases could hardly deny their knowledge of the receipt of tax benefits under that program while deceitfully claiming that the apartments were not subject to rent stabilization (see e.g. Montera v KMR Amsterdam LLC, 193 AD3d 102 [1st Dept 2021]).
Here, however, plaintiff points to no such circumstances that would have precluded the prior owner from deregulating the apartment in the year 2000 if the rent reached the high rent vacancy deregulation threshold under RSL 26-504.2 at the time based on the relevant statutory increases (Altman v 285 W. Fourth LLC, 31 NY3d 178 [2018] [vacancy increases may be applied to determine whether the legal regulated rent exceeds the high rent deregulation threshold]).
To be sure, it will be defendant's burden at trial to show that the apartment was properly deregulated (Ruggerino v Prince Holdings 2012, LLC, 170 AD3d 568, 568-569 [1st Dept 2019]). Contrary to plaintiff's assertion, however, defendant may present evidence at trial that the apartment was properly deregulated at some point after the year 2000 but before plaintiff's tenancy commenced in 2014 (Breen v 330 E. 50th Partners, L.P., 154 AD3d 583, 584 [1st Dept 2017]), as plaintiff has not met his burden to show [*2]that the apartment was improperly deregulated as a matter of law. Although plaintiff contends that defendant has not met its burden to show that the work performed in the apartment constituted individual apartment improvements (IAIs) entitling defendant's predecessors-in-interest to substantial rent increases, the determination of whether work constitutes an IAI supporting a rent increase "is one to be resolved by the factfinder in the same manner as other issues, based on the persuasive force of the evidence submitted by the parties" (Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926 [2010]).
While plaintiff is correct that RSC 2526.1(f)(2) establishes that a successor owner, such as defendant here, may be held liable for rent overcharges collected by its predecessors, known as "carryover liability" (see e.g. Le Bihan v 27 Wash. Sq. N. Owner LLC, 205 AD3d 616, 617 [1st Dept 2022]), whether the prior owners' actions were fraudulent or otherwise improper, and therefore the apartment should be declared rent-stabilized, is a question of fact for trial. In light of the foregoing questions of fact relating to the rent-stabilized status of the apartment, the motion court properly declined to reach the question of whether overcharge damages and attorneys' fees were warranted on this record.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022