Yen Hsang Chang v Westside 309 LLC (2023 NY Slip Op 06590)

Yen Hsang Chang v Westside 309 LLC

2023 NY Slip Op 06590

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 153031/18 Appeal No. 1289 Case No. 2023-04202 

[*1]Yen Hsang Chang et al., Plaintiffs-Respondents,
v
Westside 309 LLC, et al., Defendants-Appellants, QPI-XXXII LLC, et al., Defendants.

Greenberg Traurig, LLP, New York (Daniel J. Ansell of counsel), for appellants.
Newman Ferrara LLP, New York (Lucas A. Ferrara of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about July 25, 2023, which granted plaintiffs' motion to compel defendants to produce "their operating and management agreements, all documents showing the ownership and formation of defendants, and all communications between any plaintiff and any defendant," as well as "[f]or each of plaintiffs' apartments, . . . all IAI [Individual Apartment Improvement] and major capital improvement records, Notices of Deregulation, apartment registrations, leases, other rent records, and the DHCR Registration Rent Roll Report and Cases by Building Report," unanimously modified, on the law, the motion denied as to pre-base date rental records, and otherwise affirmed, without costs.
Plaintiffs should be limited at this stage of discovery to rental records for the four years preceding the date of commencement of this action. Plaintiffs have failed to identify "substantial indicia, i.e., evidence" of fraud to implicate the fraudulent scheme exception to the four-year lookback rule (see generally Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 353-355 [2020]; Burrows v 75-25 153rd St., LLC, 215 AD3d 105, 107-108 [1st Dept 2023]).
Plaintiffs alleged widespread IAI-related rent increases in buildings where few to no work permits had been issued and in apartments whose condition did not reflect substantial improvements. But an increase in the rent alone will not suffice as indicia to establish a colorable claim of fraud (Conason v Megan Holding, LLC, 25 NY3d 1, 16 [2015]; see also Matter of Trainer v State of N.Y. Div. of Hous. & Community Renewal, 162 AD3d 461, 463 [1st Dept 2018]); not all IAIs require a permit (see Administrative Code of City of NY New York § 28-105.4.2) and IAI work may have been improperly performed without a required permit, which would also not constitute fraud (see Matter of Bazan v New York State Div. of Hous. & Community Renewal, 189 AD3d 495, 496 [1st Dept 2020]); and a tenant's personal observations regarding the condition of their apartment or quality or extent of improvements are insufficient indicia of fraud (see Breen v 330 E. 50th Partners, L.P., 154 AD3d 583, 584 [1st Dept 2017]; Matter of Boyd v New York State Div. of Hous. & Community Renewal, 110 AD3d 594, 596 [1st Dept 2013]), as are allegations of registration failures (see Aras v B-U Realty Corp., 221 AD3d 5, 10 [1st Dept 2023]; Thomas v 560-566 Hudson LLC, 219 AD3d 1193, 1194 [1st Dept 2023]).
It is not dispositive that Supreme Court found that fraud was sufficiently alleged to survive a pre-answer motion to dismiss (see Yen Hsang Chang v Bronstein Props. LLC, 2019 NY Slip Op 30744[U], *16-18 [Sup Ct, NY County 2019]). The standard for a motion to dismiss is different from the standard for permitting pre-class certification discovery; law of the case does not apply (see generally 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp[*2]., 218 AD3d 417, 417-418 [1st Dept 2023]).
Plaintiffs' reliance on Rent Stabilization Code [9 NYCRR] § 2521.2(c) is misplaced, as this regulation "did not override the statute of limitations and litigation lookback period of former CPLR 213-a and former RSL § 26-516(a), which, in the absence of indicia of fraud, insulated from challenge any registered legal regulated rent not challenged within four years after its registration" (see Burrows, 215 AD3d at 113-114).
Plaintiffs' reliance on Rent Stabilization Code [9 NYCRR] § 2526.1(a)(2)(iv) is likewise misplaced. This regulation does not alleviate the tenant of the burden of showing "substantial indicia, i.e., evidence" of a fraudulent scheme and Rent Stabilization Code [9 NYCRR] § 2525.3(b), (c), and (d), which is referenced therein, is not applicable to the circumstances at issue here.
Pre-class certification discovery is, however, appropriate as to the DHCR Registration Rent Roll Reports and Cases by Building Reports — at least insofar as they contain post-base date information — as these documents are relevant to determining the size of the class and the presence of similar rent spikes indicative of unperformed or underperformed IAIs in other apartments, and thus go to numerosity, commonality, and typicality (see generally CPLR 901; Yen Hsang Chang v Westside 309 LLC, 206 AD3d 491, 491-492 [1st Dept 2022]).
Pre-class certification discovery is also appropriate as to the operating and management agreements and documents showing defendants' ownership and formation, which are relevant to demonstrating common ownership of defendants' buildings and a common scheme or plan, and thus go to commonality and typicality.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023