Thurman v Sullivan Props. L.P. (2024 NY Slip Op 01889)

Thurman v Sullivan Props. L.P.

2024 NY Slip Op 01889

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Index No. 653540/22 Appeal No. 1974 Case No. 2023-03694 

[*1]Todd Thurman, Plaintiff-Respondent,
v
Sullivan Properties L.P., et al., Defendants-Appellants.

Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Michael D. Capozzi of counsel), for appellants.
Singh & Rani, LLP, New York (Bikram Singh of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J), entered June 6, 2023, which denied defendants' motion pursuant to CPLR 3211(a)(1) and (a)(5) to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff, a market-rent tenant, commenced this action against his landlord, asserting several claims, stemming from the allegations that the landlord illegally deregulated the apartment, after the rent-controlled tenant vacated the premises.
We find that, in support of their motion to dismiss based on a defense founded on documentary evidence, defendants properly submitted documents, namely leases and a so-ordered stipulation settling a housing court case, through the affidavit of an employee familiar with the files (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134 n 4 [1st Dept 2014]; DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146, 146 [1st Dept 2003]). The leases qualify as documentary evidence (see 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004]). The documentary evidence demonstrated that the last rent-controlled tenant vacated the apartment on or about June 30, 2005, and that defendants then entered into a lease with another tenant for a monthly rental in excess of $2000, the threshold for luxury decontrol (see former Rent Stabilization Code [RSC] [9 NYCRR] § 2520.11[r][4]). Nevertheless, the documents themselves do not utterly refute plaintiff's allegations that the apartment was wrongly or fraudulently removed from rent regulation, and thus the motion to dismiss was properly denied (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
Defendants correctly argue that, regardless of whether they provided RR-1 notices, pursuant to RSC 2522.3 under the pre-Housing Stability and Tenant Protection Act, a fair market rent appeal (FMRA) would need to be filed within four years of the last rent-controlled tenant's vacancy or by June 30, 2009 (see Matter of Park v New York State Div. of Hous. and Community Renewal, 150 AD3d 105, 113-114 [1st Dept 2017], lv denied 30 NY3d 961 [2017]). However, this action is not a fair market rent appeal and the apartment's rental history may be examined beyond four years to determine its rent-stabilization status (see Rosa v Koscal 59, LLC, 162 AD3d 466 [1st Dept 2018]; Olsen v Stellar W. 110, LLC, 96 AD3d 440, 441—442 [1st Dept 2012], lv dismissed 20 NY3d 1000 [2013]). It is well settled that a tenant may challenge the ostensibly deregulated status of a dwelling at any time during their tenancy (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199-200 [1st Dept 2011]; East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166, 167 [1st Dept 2005]). To the extent that a different conclusion was reached in 3505 BWAY Owner
LLC v McNeely, (67 Misc 3d 583 [Civ Ct, NY County 2020], affd 72 Misc 3d 1 [App Term, 1st Dept 2021]), that case is not controlling, and we decline to follow it.
We have considered [*2]defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024