| |
|---|
| **Cox v 36 S Oxford St, LLC** |
| 2024 NY Slip Op 34257(U) |
| November 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158487/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | PART 11M |
| *Justice* | |

-------------------------------------------------------------------------X

JANAH COX, L.Y. HOWARD, ARTHUR MONDRALA, JOSEPHINE MONDRALA, JENNIFER STEINBERG, BRIANA PLANTYN, AMIR ALI POURNASR KHAKBAZ, LUKE HAMEL, JESSE CARFIELD

Plaintiff,

- v -

36 S OXFORD ST, LLC, 372 2 ST, LLC, 171 15 ST, LLC, 365 5 AVE LLC, 70 PPW, LLC,

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158487/2023 |
| MOTION DATE | 08/07/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for _____ DISMISSAL _____.

Upon the foregoing documents, defendants' motion to dismiss is granted.

## Background and Procedural Posture

The plaintiffs here (collectively, "Plaintiffs") are all current or former tenants from five buildings (collectively, the "Buildings") in Kings County, New York. Each of those five buildings are currently owned by separate legal entities (collectively, "Defendants"). Plaintiffs allege that Defendants are all "part of a real-estate portfolio owned and managed by Greenbrook Partners." For their part, Defendants object to the classification of the five separately owned properties as a cohesive unit, referring to the Plaintiffs' designation of the five buildings as the "Greenbrook Buildings" as a "wholly inaccurate, misleading, and an intentionally false defined term."

Plaintiffs' complaint is light on facts, but it does allege that the current owners of the Buildings, along with the prior owners of the Buildings, "engaged in a scheme designed to evade

New York's rent-regulations." The rent increases in question took place during 2001 and 2014, years before any of the Defendants purchased any of the Buildings, but Plaintiffs argue that Defendants have successor liability for any rent regulation violations.

Plaintiffs filed the underlying complaint seeking certification as a class action, alleging two counts of violation of the rent stabilization laws and regulations and requesting declaratory relief and attorneys' fees. Defendants oppose and have pled nine affirmative defenses on behalf of all defendants and a single counterclaim against plaintiff L.Y. Howard. Plaintiffs have pled four affirmative defenses to the counterclaim and request that the counterclaim be dismissed.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether

the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**Discussion**

Defendants brought the present motion seeking to dismiss the complaint pursuant to CPLR § 3211 for failing to state a viable cause of action capable of prevailing on the merits and for summary judgment on their counterclaim. They also argue, in the alternative, two reasons why the complaint should be dismissed in the entirety and two reasons why the complaint should be partly dismissed. Defendants also have moved for summary judgment on their counterclaim. Plaintiffs have cross-moved to strike certain material from the pleadings under CPLR § 3024(b), and for an order granting a discovery conference and sanctions. They have also requested a judgment dismissing the counterclaim.

*Defendants' Counterclaim is Dismissed*

Defendant 372 St. LLC ("372") has made a counterclaim against plaintiff L.Y. Howard ("Howard") for attorneys' fees and the relevant language in Howard's lease reads:

> Tenant must reimburse Owner for any of the following fees and expenses incurred by Owner: (iv) Any legal fees and disbursements for the preparation and service of legal notices; legal actions or proceedings brought by Owner against Tenant because of default by Tenant under this Lease; or for defending lawsuits brought against Owner because of the actions of Tenant, the Permitted Occupants of the Apartment, the Tenant Parties or any other persons who visit the Apartment.

327 argues that because Howard brought the underlying claim alleging wrongful deregulation, despite an order from the DHCR stating that the building was lawfully deregulated over 20 years ago being publicly available, Howard breached the terms of the lease and is liable for attorneys' fees. Howard argues that the fees provision listed above does not, under First

Department case law, authorize a landlord to reclaim fees from the tenant under these circumstances.

A promise by one party to indemnify another for legal fees must be "unmistakably clear from the language of the promise" in order to be enforceable. *Hooper Associates, Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 492 (1989). Furthermore, an indemnity provision must be "unmistakably intended to pertain to claims raised between the parties" in order to be enforced in these circumstances. *Flynn v. Red Apple 670 Pac. St.*, 209 A.D.3d 580, 580 (1st Dept. 2022). Here, the language in the indemnity provision seems to read that the landlord would be entitled to legal fees when either: bringing an action against the tenant for default; or when the landlord was sued by third parties because of the actions of the tenant and specified others. The language does not make it clear that the landlord would be entitled to legal fees should the tenant bring a baseless suit against the landlord. CPLR § 3212(b) states that a motion for summary judgment shall be granted if the cause of action "is established sufficiently to warrant the court as a matter of law in directing judgment." 327 has not met their burden in sufficiently establishing entitlement to judgment, therefore their motion for summary judgment on their counterclaim is denied. Because the language in the lease does not clearly state that the landlord would be owed legal fees should tenant bring a frivolous suit, the counterclaim is dismissed.

### *Defendants' Motion to Dismiss*

Defendants have moved to dismiss the complaint for several reasons, including pursuant to CPLR § 3211 for failure to state a claim. Crucial here is the difference between a challenge to the deregulated status of an apartment, and an allegation of a rent overcharge. This is important because while allegations of an unlawful rent overcharge are subject to a four-year statute of limitations, there is no time restriction on a deregulation challenge made pursuant to RSC §

2526.1(a)(3)(iii). *Matter of AEJ 534 E. 88th, LLC v. New York State Div. of Hous. & Community Renewal*, 194 A.D.3d 464, 469-70 (1st Dept. 2021). Here, the complaint alleges two violations of the rent regulations. One is a cause of action alleging an unlawful rent overcharge action. The second, while unclear and vague, appears to be a deregulation challenge based on alleged violations of the 421-a Program requirements. There are also causes of action for declaratory relief and attorneys' fees derived from the two alleged rent regulation violations. Because for the reasons given below, neither of the first two causes of action state a valid claim, dismissal of the complaint is proper.

### *Recent Case Law and the Unlawful Overcharge Lookback Period*

The first cause of action clearly alleges an "unlawful overcharge." Defendants have moved to dismiss the complaint arguing that the few facts pled in the complaint are insufficient to plead a legally cognizable cause of action for an overcharge. Plaintiffs counter by arguing that the relevant case law suggests that "if [Plaintiffs] can raise a 'colorable claim' [they] get to proceed and take discovery to establish the totality of the circumstances." The dates at which the alleged overcharges occurred are relevant here. While the Housing Stability and Tenant Protection Act of 2019 ("HSTPA") made broad changes to the Rent Stabilization Law ("RSL"), the Court of Appeals has held that HSTPA does not apply retroactively and where, as is the case here, the alleged instance(s) of rent overcharge took place prior to 2019, the pre-HSTPA law applies. *Matter of Regina Metro. Co., LLC v. New York State Div. of Hous. & Community Renewal*, 35 N.Y.3d 332, 349 (2020).

Under the pre-HSTPA law as applied to cases of alleged overcharges pre-2019, there is a four-year statute of limitations applied to overcharges. *Id.*, at 352. This lookback rule was accompanied by a record retention provision exempting landlords from having to keep records

[* 5]

longer than the four years from the most recent registration. *Id.* But in a series of cases, the Court of Appeals carved out a fraudulent scheme exception to the lookback rule, holding that "where a tenant had made a colorable claim of fraud by identifying substantial indicia, i.e., evidence, of a landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization, that apartment's rental history may be examined for the limited purpose of determining whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date." *Id.*, at 355. Therefore, to look back more than four years, there must be a colorable claim of a fraudulent scheme alleged in the complaint.

Dismissal of a complaint for failure to allege a colorable claim of fraud that would allow for a lookback is proper. *Regina*, at 362; *see also Fuentes v. Kwik Realty LLC*, 186 A.D.3d 435, 438 (1st Dept. 2020); *Nadler v. Carmine Ltd.*, 218 N.Y.S. 3d 59, 60 (1st Dept. 2024). While it is not conclusively established what precisely constitutes an adequately pled colorable claim of fraud, there are several helpful cases delineating what circumstances are insufficient to allow use of the lookback exception. The First Department has held that a significant increase in rent is not sufficient indicia to look back beyond the four years. *Matter of Trainer v. State of N.Y. Div. of Hous. & Community Renewal*, 162 A.D.3d 461, 463 (1st Dept. 2018). They have also recently held that even an increase in the rent combined with a lack of IAI permits is not enough to establish a colorable claim of fraud, and that "a tenant's personal observations regarding the condition of their apartment or quality or extent of improvements are insufficient indicia of fraud." *Yen Hsang Chang v. Westside 309 LLC*, 222 A.D.3d 550, 551 (1st Dept. 2023).

*The First Cause of Action Fails to State a Claim Because It Does Not Adequately Allege a*

*Fraudulent Scheme that Would Allow the Court to Look Back More than Four Years*

[* 6]

Here, Plaintiffs have not adequately alleged sufficient indicia of either fraud or a scheme that would allow them to use the lookback exception to the four-years limitation. To begin with, Plaintiffs' allegations of a fraudulent scheme are almost entirely mere conclusory statements. The few facts alleged in the complaint consist of listing each plaintiff's apartment, when it was deregulated, and a statement that there is "no evidence" of the required individual apartment improvements ("IAI"). Rather than provide any indicia of fraud, Plaintiffs have instead simply recited the words "fraudulent scheme" and stated that they hope discovery will uncover the required evidence of fraud. As explored above, in the First Department a plaintiff must first allege sufficient indicia of fraud before having a viable claim for an unlawful rent overcharge that looks back more than 4 years. Plaintiffs here have little to no indicia of fraud.

Not only is the complaint light on facts going to fraud, but there is only the barest of conclusory statements as to any scheme. It is not even alleged that the owners of the five buildings at issue knew each other at the time of the alleged overcharges, let alone that there was any scheme between them. The only facts alleged that connect the buildings are that the individual companies who have since bought the Buildings (after the allegedly wrongful behavior occurred) are all connected to the same real estate group.

Here, a case from last year has provided clear guidance on this issue. In *Aras*, the First Department held in clear terms that "[s]peculation of fraud will not suffice to expand the lookback period or invoke the default formula. All elements of fraud must be established." *Aras v. B-U Realty Corp.*, 221 A.D.3d 5, 11 (1st Dept. 2023). Furthermore, the First Department stated that "[t]he law is now settled that a building-wide scheme is insufficient to support fraud on a case-by-case basis." *Id.*, at 12. Therefore, even if the Plaintiffs had alleged facts going to a scheme to unlawfully overcharge tenants (which they have not), in order to support their claim

[* 7]

against the Buildings Plaintiffs would need to show something that connects the buildings. Because the first cause of action does not state a viable cause of action or adequately allege a fraudulent scheme, it is dismissed.

### *The Second Cause of Action is Defeated by Documentary Evidence*

The second cause of action appears to be a challenge to the deregulation of the Buildings, which unlike a rent overcharge claim is not limited by the four-year rule, as established above. Under CPLR § 3211(a)(1), a claim that has been utterly defeated by documentary evidence is properly dismissed. In the second cause of action, the complaint alleges that a sub-class of Plaintiffs (consisting of "all current tenants of the [Buildings] who reside in rent-stabilized or deregulated apartments") were deprived of "the protections of rent stabilization and the rules governing the 421-a Program." The 421-a Program requires, among other things, that all apartments in a building where the owner is receiving the relevant tax benefits be rent stabilized. RPTL § 421-a; *see, e.g., Burrows v. 75-25 153rd St., LLC*, 215 A.D.3d 105, 110 (1st Dept. 2023).

In opposition to this claim, Defendants have provided evidence that all buildings at issue here are pre-war buildings that have never received any 421-a tax benefits. Plaintiffs do not dispute this fact, but instead argue that any reference to the 421-a program is "brief" and that "it is clear" that the real claim is that "Defendants illegally deregulated certain of Plaintiffs' units." Mention of the program can hardly be considered to be brief, when the second cause of action states "Defendants' conduct, was wrongfully and unlawfully designed to deprive Plaintiffs, and members of the Sub-Class, of the protections of rent stabilization and the rules governing the 421-a Program." Furthermore, the third cause of action, which requests a declaratory judgment, even more clearly states that "Defendants' conduct, was willful and designed to remove the

apartments of Plaintiffs and members of the Sub-Class from the protections of rent stabilization and to circumvent the requirements of the 421-a Program." The second cause of action, when read in context with the rest of the complaint, is clearly a deregulation challenge based on an alleged violation of the 421-a Program.

As it is not disputed that the Buildings are pre-war and not eligible for the 421-a program, and therefore there can have been no violation of the program, the second cause of action is properly dismissed for failure to state a claim. Because both the causes of action alleging violations of the rent regulations have been dismissed, the remaining causes of action requesting a declaratory judgment and attorneys' fees are necessarily rendered moot, and dismissal of the complaint as a whole is proper. Plaintiffs' cross-motions for a discovery conference and to strike certain material are likewise rendered moot. The Court has considered the rest of the parties' arguments and found them unavailing. Accordingly, it is hereby

ORDERED that the defendants' counterclaim against plaintiff Howard is dismissed; and it is further

ORDERED that the defendants' motion to dismiss the complaint is granted; and it is further

ORDERED that the plaintiffs' cross-motions for discovery and to strike material in the pleadings is denied as moot.

20241203135826LFRANK379A29EC8D894FEAAF4AEAE70CFBFA04

| **11/27/2024** | | | | | | |
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | | |
| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |