Cox v 36 S Oxford St, LLC (2025 NY Slip Op 02408)

Cox v 36 S Oxford St, LLC

2025 NY Slip Op 02408

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 158487/23|Appeal No. 4174|Case No. 2024-07470|

[*1]Janah Cox et al., Plaintiffs-Appellants,
v
36 S Oxford St, LLC, et al., Defendants-Respondents.

Newman Ferrara LLP, New York (Roger A. Sachar, Jr. of counsel), for appellants.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.) entered December 9, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the putative class-claims in the complaint seeking declaratory and injunctive relief relating to the rent-stabilized status of plaintiffs' apartments and rent overcharge damages, unanimously reversed, on the law, the motion denied, with costs, and the matter remanded for further proceedings.
The motion court's dismissal of the entirety of plaintiffs' putative class-action complaint under CPLR 3211 was premature. Plaintiffs, current and former tenants of four residential apartment buildings located in Brooklyn and owned by defendants, seek declarations that their apartments are subject to rent stabilization and related declaratory and injunctive relief, together with rent overcharge damages.
The complaint adequately alleges that defendants' predecessors-in-interest improperly deregulated plaintiffs' apartments based on the now repealed provisions of Rent Stabilization Law (Administrative Code of City of NY) § 26-504.2(a), referred to as high-rent vacancy destabilization. Specifically, the complaint alleges that between 2001 and 2014, defendants' predecessors took advantage of rent increases beyond those permitted by Rent Stabilization Code (9 NYCRR) § 2522.4(a) and Administrative Code § 26-511(c)(13) for individual apartment improvements (IAIs) that either were not performed or were not performed to the extent that would have raised the rent beyond the deregulation threshold. As the Court of Appeals reasoned with respect to similar class allegations in Maddicks v Big City Props., LLC (34 NY3d 116 [2019]), the assertion that the apartments were improperly deregulated on this specific basis adequately states a claim (id. at 127).
Although plaintiffs mistakenly included two references to the 421-a tax abatement program, which they disavowed during motion practice, plaintiffs expressly alleged that the deregulations were the result of improper IAI-related rent increases. Because courts have uniformly held that it is the owner's burden to establish that an apartment's deregulation was proper, the second and third claims for declaratory relief relating to the rent-stabilized status of plaintiffs' apartments are reinstated (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]).
We further observe that the 2023 and 2024 amendments to the Rent Stabilization Law and Rent Stabilization Code expressly permit "the use of records of any age or type, going back to any date that may be relevant, for purposes of determining the status of any apartment under the rent stabilization law" (L 2023, ch 760; L 2024, ch 95). This reflects the legislative intent to continue to permit review of an apartment's full rent history for the purposes of determining whether a deregulation was lawful, even if beyond the lookback period for establishing [*2]rent overcharges (see Liggett v Lew Realty LLC, 42 NY3d 415, 422 [2024] ["despite concerns about the substantial delay between the stipulation's execution and this litigation's commencement, no statute of limitations bars plaintiff's claim that the apartment is subject to rent stabilization"]).
Based on our finding that the second and third claims relating to the rent-stabilized status of plaintiffs' apartments should be reinstated, the first claim for rent overcharges and the fourth claim for attorneys' fees also should be reinstated. In the event the apartments were improperly deregulated, the tenants should have the opportunity to establish a fraudulent scheme to regulate under the totality of the circumstances approach that now applies to all pending claims (L 2024, ch 95), or alternatively, to show that there were rent overcharges during the lookback period.
The motion court's reliance on this Court's decision in Yen Hsang Chang v Westside 309 LLC (222 AD3d 550 [1st Dept 2023]) for dismissal of the claims and denial of pre-class certification discovery was not warranted. In that case, we specifically found that post-base date documents "relevant to determining the size of the class and the presence of similar rent spikes indicative of unperformed or underperformed IAIs in other apartments, and thus go to numerosity, commonality, and typicality" (id. at 552).
We observe that this case was decided one day before the effective date of the 2023 and 2024 amendments to the Rent Stabilization Code and Rent Stabilization Law on December 22, 2023, which now require a "totality of the circumstances" approach to determining fraud in the regulatory context (L 2023, ch 760; L 2024, ch 95). In enacting these amendments, the Legislature emphasized its intent to "penalize fraud against the rent regulatory system itself" (L 2023, ch 760, part B, § 1). As the Second Department has observed, the new amendments reflect that "plaintiffs do not need to prove all of the elements of common-law fraud so long as the totality of the circumstances nonetheless indicate that a fraudulent scheme to deregulate an apartment unit was committed" (Gomes v Vermyck, LLC, — AD3d &mdash, 2025 NY Slip Op 00849, *11 [2d Dept 2025]; see Burrows v 75-25 153rd St., LLC, — NY3d &mdash, 2025 NY Slip Op 01669, *2 [2025] [There is no "requirement that tenants demonstrate all elements of a common law fraud cause of action to avail themselves of the fraud exception to the lookback rule"]; id. ["The Regina footnote . . . was not meant to alter the showing required to invoke the fraud exception. Indeed, Regina reaffirms our traditional approach to the fraud exception, which does not include a requirement that tenants demonstrate reasonable reliance on owners' allegedly fraudulent conduct"], citing Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 356 [2020]). Accordingly, we reinstate the complaint in its entirety and remand for pre-class certification [*3]discovery. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025